**Robert A. BLUMENSTETTER,**
**Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 06–02–00127–CR.**

Court of Appeals of Texas,
Texarkana.

Sept. 26, 2003.

Rick McPherson, Law Office of Rick McPherson, Carthage, for appellant.

Patrice Savage, Danny Buck Davidson, Panola County Dist. Atty., Carthage, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## ORDER

DONALD R. ROSS, Justice.

Robert A. Blumenstetter was convicted by a jury of intoxicated assault. The jury assessed the maximum punishment of ten years' imprisonment and a $10,000.00 fine. Blumenstetter appeals, alleging the trial court erred: (1) because the indictment was void in that it was returned by a grand jury which was not in term at the time it was presented; (2) by including in the court's charge that the jury was to assess the length of community supervision, if it determined community supervision was appropriate; and (3) by allowing the State's expert forensic chemist to testi-

fy to a legal conclusion. Blumenstetter also contends he was denied effective assistance of counsel at trial and during the post-trial time period for filing a motion for new trial.

Because we have determined to abate this appeal and remand the case to the trial court to the point at which Blumenstetter was convicted and his sentence imposed, the only contentions we will address in this opinion are that he was tried on a void indictment and that he was denied effective assistance of counsel during the post-trial time period for filing a motion for new trial. We will also comment, but not rule, on his contention he was denied effective assistance of counsel at trial.

### Background Facts

The State's evidence at trial showed that a two-car collision occurred in Panola County, Texas, involving a green Ford pickup truck and a Ford Thunderbird, driven by Carla Colburn. The first person at the scene testified that Blumenstetter was behind the wheel of the pickup truck when he arrived and that Blumenstetter smelled of alcohol and appeared intoxicated. All parties suffered injuries. Christian Colburn, Carla's son, suffered life-threatening injuries. The Texas trooper who investigated the accident scene testified that the pickup truck, driven by Blumenstetter, crossed the center line and struck the Colburn vehicle. He also testified the intoxication of Blumenstetter was a factor in the accident. Blumenstetter's blood was drawn at a medical center two hours after the accident, and a blood-alcohol test revealed his intoxication at .20 grams of alcohol per 100 milliliters of blood, or .12 over the legal limit.

### Presentment of the Indictment

■ The State presented the indictment charging Blumenstetter with intoxicated assault on March 8, 2001. Blumenstetter contends the indictment is void because it was returned by a grand jury which was not in term at the time it was presented. The issue of presentment of the indictment to the court presents a question of law. As a result, we review the matter de novo. *See Ex parte Mann,* 34 S.W.3d 716, 718 (Tex.App.-Fort Worth 2000, orig. proceeding).

The Texas Constitution provides that a court is vested with jurisdiction over a criminal case by the presentment of an indictment or information. TEX. CONST. art. V, § 12(b). This same constitution further provides that, except for certain exceptions not applicable here, "[N]o person shall be held to answer for a criminal offense, unless on an indictment of a grand jury,. . . ." TEX. CONST. art. I, § 10. The constitution also empowers the Legislature to make laws to govern the "practice and procedures relating to the use of indictments and informations,. . . ." TEX. CONST. art. V, § 12(b). So, not only do we look to statutory provisions to measure the sufficiency of an indictment, we also look to statutory law to determine when and how an indictment is presented. TEX. CONST. art. V, § 12(b). An indictment is "presented" when it has been duly acted on by the grand jury and received by the court. TEX.CODE CRIM. PROC. ANN. art. 12.06 (Vernon 1977). Statutory provisions also codify the necessary result, implied by a constitutional provision, that the court lacks jurisdiction in the absence of proper presentment:

> When a defendant has been detained in custody or held to bail for his appearance to answer any criminal accusation before the district court, the prosecution, unless otherwise ordered by the court, for good cause shown, supported by affidavit, shall be dismissed and the bail discharged, if indictment or information be not presented against such

defendant on or before the last day of the next term of the court which is held after his commitment or admission to bail or on or before the 180th day after the date of commitment or admission to bail, whichever date is later.

TEX.CODE CRIM. PROC. ANN. art. 32.01 (Vernon Supp.2003).

It is from this article that we get the language at the heart of this point of error. Failure to present an indictment on or before "the last day of the next term of the court" or "the 180th day after the date of commitment or admission to bail," whichever is later, results in dismissal of the indictment and discharge from bail unless the state can show good cause for the delay. TEX.CODE CRIM. PROC. ANN. art. 32.01; *Ex parte Seidel,* 39 S.W.3d 221, 223–24 (Tex.Crim.App.2001); *Mann,* 34 S.W.3d at 718. Blumenstetter contends the indictment was not presented to the court during its term, because the court's term was in Shelby County when the indictment was filed. We must therefore determine whether the 123rd Judicial District Court was in term in Panola County at the time the indictment was filed. If not, the district court never obtained jurisdiction over the matter, and the indictment should have been dismissed.

The Texas Legislature has the power to enact laws to govern the terms of the district courts. TEX. CONST. art. V, § 7. General provisions concerning the structure of terms for district courts throughout the state are found in the Government Code. TEX. GOV'T CODE ANN. § 24.012 (Vernon Supp.2003). Each term is deemed "continuous" and "begins on a day fixed by law and continues until the day fixed by law for the beginning of the next succeeding term." *Id.* Specifically, the terms of the 123rd Judicial District Court begin in Panola County on the first Mondays in January, May, and September. TEX. GOV'T

CODE ANN. § 24.225 (Vernon 1988). The terms of the 123rd Judicial District Court of Shelby County begin on the first Mondays of March, July, and November. *Id.* This means the January term of the 123rd Judicial District Court of Panola County begins on the first Monday in January and ends the day before the first Monday of May. *Id.* To illustrate, TEX. GOV'T CODE ANN. § 24.105 (Vernon Supp.2003) directs the terms of the 5th Judicial District Court, composed of Bowie and Cass Counties, using the same structure and language as used in Section 24.225. *See Ex parte Lawson,* 966 S.W.2d 532, 534 n. 4 (Tex.App.-San Antonio 1996, writ ref'd). Discussing Section 24.105, the *Lawson* court explained that the provision creates terms of the court that "stagger and overlap" one another. *Id.*

Blumenstetter relies on *Webb v. State,* 161 Tex.Crim. 442, 278 S.W.2d 158 (1955), to support his position the indictment should have been dismissed due to lack of jurisdiction in the trial court. The facts in *Webb,* however, are distinguishable from those before us. In *Webb,* an indictment returned by a grand jury convened for a special term of court failed to confer jurisdiction because the district court was without authority to call a special term of the court before the adjournment of the regular term. *Id.* at 160. That is not the situation here, where the indictment was returned by a grand jury convened for a regular term of court. There simply can be no challenge of the 123rd Judicial District Court's authority to "call" a regular term.

The January term of the 123rd Judicial District Court of Panola County began on the first Monday of January and ended, by law, on the day before the first Monday in May, the day before the May term of the court began. The indictment was filed March 8, 2001, a date clearly falling within

the January term of the 123rd Judicial District Court of Panola County. It is to this court the grand jury presented the indictment. Presentment of this indictment to the court during its term was, therefore, sufficient to confer jurisdiction in the district court under Article V, § 12(b) of the Texas Constitution.

Blumenstetter also waived his right to complain about the timeliness of the indictment from his failure to seek dismissal of the accusation before the indictment was returned. After resolution of a split among the courts regarding the constitutionality of TEX.CODE CRIM. PROC. ANN. art. 28.061 (Vernon Supp.2003) and its application to Article 32.01, the Texas Court of Criminal Appeals has now held that a defendant's failure to seek dismissal of a criminal accusation before an indictment is returned waives his or her right to complain. *Brooks v. State*, 990 S.W.2d 278, 285 (Tex.Crim.App.1999); *Tatum v. State*, 505 S.W.2d 548, 550 (Tex.Crim.App. 1974), *overruled on other grounds, Comer v. State*, 754 S.W.2d 656, 659 (Tex.Crim. App.1988); *see also Hixson v. State*, 1 S.W.3d 160, 163 (Tex.App.-Corpus Christi 1999, no pet.); *Fisk v. State*, 958 S.W.2d 506, 508–09 (Tex.App.-Texarkana 1997, pet. ref'd). In other words, a defendant must seek to dismiss under Article 32.01 before an indictment is returned or else error as to the timeliness of return of the indictment is waived. *See, e.g., Brooks*, 990 S.W.2d at 285. That being so, Blumenstetter has waived objection to the indictment since his first objection to the indictment comes on appeal to this Court. We overrule Blumenstetter's first point of error.

### Assistance of Counsel During Period for Filing Motion for New Trial

Blumenstetter also contends he was denied effective assistance of counsel during the post-trial time period to file a motion for new trial. A defendant may file a motion for new trial before, but no later than thirty days after, the date the trial court imposes sentence in open court. TEX.R.APP. P. 21.4(a). Notice of appeal must be filed within thirty days after the day sentence is imposed, or within ninety days after the day sentence is imposed if the defendant timely files a motion for new trial. TEX.R.APP. P. 26.2(a). An appellate court may extend the time to file the notice of appeal any time within fifteen days after the deadline for filing the notice of appeal. TEX.R.APP. P. 26.3.

The jury convicted Blumenstetter and assessed his punishment June 4, 2002. The trial court imposed sentence in open court on the same day. On June 19, 2002, trial counsel filed a motion to withdraw as counsel and requested the trial court to appoint substitute counsel. On June 21, 2002, the court granted this motion to withdraw and appointed substitute counsel the same day. Substitute counsel was not notified of the appointment, however, until July 8, 2002, four days after the time to file a motion for new trial. On July 11, 2002, Blumenstetter filed a motion in this Court for an extension of time to file his notice of appeal, which we granted July 16, 2002.

This Court has held that the time period for filing a motion for new trial is a critical stage of a criminal proceeding in which criminal defendants are entitled to assistance of counsel. *Prudhomme v. State*, 28 S.W.3d 114, 119 (Tex.App.-Texarkana 2000, order). When the record does not reflect trial counsel withdrew or was replaced by new counsel after sentencing, there is a rebuttable presumption trial counsel continued to effectively represent the defendant during the time limit for filing a motion for new trial. *See Smith v. State*, 17 S.W.3d 660, 662–63 (Tex.Crim.

App.2000); *Oldham v. State,* 977 S.W.2d 354, 363 (Tex.Crim.App.1998). As such, when a motion for new trial is not filed in a case, there is a rebuttable presumption the defendant was counseled by his attorney regarding the merits of the motion and ultimately rejected the option. *Oldham,* 977 S.W.2d at 362–63. And, this presumption will not be rebutted when there is nothing in the record to suggest otherwise. *Smith,* 17 S.W.3d at 662–63 (presumption not rebutted where defendant filed pro se notice of appeal in which he alleged counsel was ineffective and defendant subsequently appeared without counsel to sign a pauper's oath and to request new counsel); *Oldham,* 977 S.W.2d at 363 (presumption not rebutted where defendant filed a pro se notice of appeal and an affidavit of indigency on twenty-eighth day after sentencing and, on twenty-ninth day, a notation was made in a court document stating attorney of record on appeal was "to be determined").

In the present case, the presumption of continued representation by trial counsel is rebutted by the record. Having determined he could no longer represent Blumenstetter, trial counsel moved to withdraw and requested the appointment of substitute counsel. The State argues that it is presumed trial counsel acted effectively during the seventeen days that Blumenstetter's representation continued after trial and that, since no motion for new trial was filed, it is also presumed that it was considered and rejected by Blumenstetter. The Austin Court of Appeals rejected that argument in *Massingill v. State,* 8 S.W.3d 733, 736–37 (Tex.App.-Austin 1999, no pet.). In *Massingill,* trial counsel moved to withdraw and requested the appointment of substitute counsel twelve days after sentencing was imposed. *Id.* The trial

court granted the motion, but failed to appoint substitute counsel until after the period to file a motion for new trial. *Id.* at 737. The Austin Court of Appeals found that, even if the defendant was represented for a period after sentencing, a complete lack of assistance of counsel existed for over half of the critical period. *Id.* In this case, Blumenstetter was appointed substitute counsel, but counsel was not notified of the appointment until after the period to file a motion for new trial.[1] This is the functional equivalent of *Massingill* and amounts to a complete lack of counsel for almost half the critical period to file a motion for new trial.

Both the United States Supreme Court and the Texas Court of Criminal Appeals have acknowledged that with some varieties of Sixth Amendment violations, "such as the actual or constructive denial of counsel altogether at a critical stage of the criminal proceeding, or an actual conflict of interest on the part of defense counsel, prejudice is presumed." *Batiste v. State,* 888 S.W.2d 9, 14 (Tex.Crim.App.1994), *citing Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *see also United States v. Cronic,* 466 U.S. 648, 658–59, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984). But, even if prejudice is not presumed, under the facts of the present case we could not conclude beyond a reasonable doubt the error was harmless. *See* Tex. R.App. P. 44.2 (for those constitutional errors which are subject to harmless error analysis reversal required unless court determines beyond reasonable doubt error was harmless).

Blumenstetter raises two grounds for a new trial on appeal. The first, that the indictment was void because it was presented out of term, is groundless, and facially implausible. The second ground is

---

1. The State admits substitute counsel was not notified of the appointment until after the

time had expired to file a motion for new trial.

that trial counsel was ineffective and violated his Sixth Amendment right to effective assistance of counsel. This raises matters which are not determinable from the record, and as such, the trial court would have been required to hold a hearing, if the motion had been properly presented and a hearing had been requested. *See Jordan v. State,* 883 S.W.2d 664, 665 (Tex.Crim.App.1994); *Callahan v. State,* 937 S.W.2d 553, 560 (Tex.App.-Texarkana 1996, no pet.). Therefore, because Blumenstetter was deprived of counsel, he was deprived of important opportunities which he would have otherwise had as of right—namely the opportunity to present his motion to the trial court and the opportunity to have a hearing and to make a record for appellate review. *See Prudhomme,* 28 S.W.3d at 121. We cannot declare beyond a reasonable doubt this error did not harm Blumenstetter. *See Massingill,* 8 S.W.3d at 738 (deprivation of counsel not harmless where defendant had facially plausible claim and was unable to present claim to trial court and to make record for appellate review).

■ We do not reverse the trial court's judgment, however. Sixth Amendment violations, such as deprivation of counsel, "are subject to the general rule that remedies should be tailored to the injury suffered from the constitutional violation." *Massingill,* 8 S.W.3d at 738, *quoting United States v. Morrison,* 449 U.S. 361, 364, 101 S.Ct. 665, 66 L.Ed.2d 564 (1981). The deprivation of counsel in this case did not contribute to Blumenstetter's conviction or punishment, and as such, reversal of the trial court's judgment is not required. *See* Tex.R.App. P. 44.2(a). Instead, in acting pursuant to our authority to remedy the constitutional violation, we abate the appeal and remand the cause to the trial court to the point at which a

motion for new trial can be filed. *See Prudhomme,* 28 S.W.3d at 121.

### *Effective Assistance of Counsel at Trial*

■ Blumenstetter also contends he was denied effective assistance of counsel at trial. Direct appeals often present a limited record for review of the typical issues raised in an ineffective assistance point. *Thompson v. State,* 9 S.W.3d 808, 813–14 (Tex.Crim.App.1999); *Phetvongkham v. State,* 841 S.W.2d 928, 932–33 (Tex. App.-Corpus Christi 1992, pet. ref'd). One way to get evidence of counsel's trial strategy or other matters in the direct appeal record is through a motion for new trial. *See Motley v. State,* 773 S.W.2d 283, 290–91 (Tex.Crim.App.1989) (evidence relating to counsel's trial strategy appeared in record because motion for new trial held on issue of counsel's ineffective assistance). Another way to develop a proper record is through a hearing in a habeas corpus collateral attack. *See generally* Tex.Code Crim. Proc. Ann. art. 11.01, et seq. (Vernon 1977 & Supp.2003). Since neither procedure was followed, we cannot fully address Blumenstetter's final claim because the record does not support his argument. *See Holland v. State,* 761 S.W.2d 307, 321 (Tex.Crim.App.1988) (record must support appellant's claims of ineffective assistance). On remand to the trial court, there is an opportunity to develop the record as to the points raised as to ineffective assistance of counsel.

### *Conclusion*

The appeal of this case is abated, and the case is remanded to the trial court to the point at which Blumenstetter was convicted and his sentence imposed. The timetable for motions for new trial shall begin running anew on the date this opinion is received by the district clerk. If the trial court grants the motion for new trial,

the record will be supplemented with a copy of the trial court's order, and Blumenstetter's appeal will be dismissed.[2] If the trial court overrules the motion for new trial, the record will be supplemented with the court's order and the reporter's record of any hearing held on such motion, and the parties will be permitted to brief any issues related to the overruled motion. IT IS SO ORDERED.

2. In the event a new trial is granted, the right to appeal any new judgment rendered will not be affected by the dismissed appeal.