James Ray ATWOOD, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–03–00004–CR.

Court of Appeals of Texas,
Texarkana.

Submitted Oct. 20, 2003.

Decided Oct. 28, 2003.

Larry W. Fields, Patrice Savage, Carthage, for appellant.

Danny Buck Davidson, Panola County Dist. Atty., Carthage, for appellee.

Before MORRISS, C.J., ROSS and CARTER, JJ.

## OPINION

Opinion by Chief Justice MORRISS.

Following an incident on January 24, 2001, a Panola County grand jury indicted James Ray Atwood for causing bodily injury to a child. Atwood voluntarily waived his right to trial by jury, and after hearing the evidence, the trial court found Atwood guilty.[1] On appeal, Atwood contends that (1) the indictment was presented out of the appropriate term of court, (2) the State failed to prove venue, and (3) he was denied effective assistance of counsel.

*Term of Court*

In his first point of error, Atwood asserts the Panola County grand jury's indictment was presented out of the appropriate term of court, divesting the court of its jurisdiction and rendering its judgment void. Misinterpreting Section 24.225 of the Texas Government Code, Atwood contends the terms of court in Panola County begin on the first Mondays in January, May, and September and end on the last day preceding the first Mondays in March, July, and November. This would mean there would be three, two-month terms of court in Panola County: January through February, May through June, and September through October. Following this reasoning, Atwood concludes the indictment returned against him on March 8, 2001, was void because the Panola County grand jury, empaneled in the January term of

---

1. The trial court sentenced Atwood to two years' confinement, probated the sentence for five years, and ordered him to pay court costs and a $2,500.00 fine. As one of the conditions of community supervision, the court also ordered Atwood to attend an anger management course and to avoid contact with the victim and the victim's family.

2001, returned the indictment after the term of court had already expired.

Addressing this issue in *Hicks v. State*, No. 06–02–00064–CR, 2003 WL 21823420, 2003 Tex.App. LEXIS 6816 (Tex.App.-Texarkana Aug.8, 2003, no pet.) (not designated for publication), this Court explained that the 123rd Judicial District is composed of two counties and that the terms of court in each county begin at staggered and overlapping intervals. *Id.* at *12–13, 2003 WL 21823420. The beginning of a term of court in one county does not effectively end the term of court in the other county; instead, each term is continuous, beginning "on a day fixed by law" and continuing "until the day fixed by law for the beginning of the next succeeding term." TEX. GOV'T CODE ANN. § 24.012(b) (Vernon Supp.2003). This means the January term of the 123rd Judicial District Court of Panola County begins on the first Monday in January and ends on the last day preceding the first Monday in May.

Atwood's reliance on *Webb v. State*, 161 Tex.Crim. 442, 278 S.W.2d 158 (1955), to support his position that the indictment should have been dismissed due to the trial court's lack of jurisdiction is also misplaced. Unlike in the present case, the grand jury in *Webb* convened for a special term of court despite the trial court's lack of authority to call a special term before the adjournment of the regular term. Atwood's indictment, however, was returned by a grand jury convened for a regular term of court which had not yet expired. As stated above, the January term of the 123rd Judicial District Court of Panola County began on the first Monday of January and ended on the last day preceding the first Monday in May, the day before the May term began. The indictment, filed on March 8, 2001, clearly fell within

the January term of court, and its presentment to the 123rd Judicial District Court during this term was sufficient to invest jurisdiction under Article V, Section 12(b) of the Texas Constitution. *See* TEX. CONST. art. V, § 12(b).

*Proof of Venue*

■ In his second point of error, Atwood contends the State failed to prove venue, constituting reversible error. When reviewing this issue on appeal, we rely on the presumption that venue was proved in the trial court unless the matter was disputed at trial or the record affirmatively shows the contrary. TEX.R.APP. P. 44.2(c)(1). Atwood readily concedes "there was no objection made during trial concerning venue"; nevertheless, he claims that his plea of not guilty placed venue in issue and the State's evidence failed to establish Panola County as the location of the offense. To reach the conclusion that pleading not guilty properly raised the issue of venue, Atwood apparently relies on the following statement in *Black v. State*, 645 S.W.2d 789 (Tex.Crim.App.1983):

> A plea of not guilty puts in issue the allegations of venue, and the State must prove such allegations or a conviction will not be warranted. It is unnecessary for the defendant to put venue in issue by either special plea or negation of the allegation: venue must be proved as alleged.

*Id.* at 790 (citing TEX.CODE CRIM. PROC. ANN. art. 13.17 (Vernon 1977)). We note, however, that the Texas Court of Criminal Appeals later indicated that "*Black* should not be read to mean that by pleading not guilty an accused who does not otherwise timely raise an issue of venue in the trial court has made an issue of venue for purposes of avoiding the presumption provided in Article 44.24(a)." [2] *Holdridge v.*

---

**2.** Repealed by the 1986 Texas Rules of Appellate Procedure, which were modified in 1997, Article 44.24 of the Texas Code of Criminal

Procedure was the antecedent for Texas Rule of Appellate Procedure 44.2.

*State,* 707 S.W.2d 18, 20–21 (Tex.Crim. App.1986) (en banc). Because Atwood failed to dispute venue before the trial court and the record does not affirmatively refute proper venue, we presume valid venue. Tex.R.App. P. 44.2(c)(1).

### Effective Assistance of Counsel

 In his third point of error, Atwood argues he was denied effective assistance of counsel because his trial counsel: (1) failed to object to the indictment's presentment allegedly outside of the appropriate term of court; (2) failed to object to the State's alleged failure to prove venue; and (3) withdrew after trial, but before the hearing on Atwood's pro se motion for new trial. When reviewing a claim of counsel's ineffectiveness, we apply the two-part analysis outlined in *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Texas Court of Criminal Appeals in *Hernandez v. State,* 726 S.W.2d 53 (Tex.Crim. App.1986). In *Strickland,* the United States Supreme Court reaffirmed that the Sixth Amendment's recognition of the right to counsel as "the right to effective assistance of counsel" designed to ensure that "the adversarial testing process works to produce a just result." *Strickland,* 466 U.S. at 685–86, 104 S.Ct. 2052 (quoting *McMann v. Richardson,* 397 U.S. 759, 771 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)). Because of the inherent difficulties in evaluating an attorney's conduct after the fact, however, "scrutiny of counsel's performance must be highly deferential" and courts "must indulge a strong presumption that counsel's conduct [fell] within the wide range of reasonable professional assistance." *Id.* at 689, 104 S.Ct. 2052. To overcome the presumption, a convicted defendant must demonstrate that (1) counsel's performance was so erroneously deficient that the defendant was not afforded the counsel guaranteed by the Sixth Amendment, and (2) the deficient performance prejudiced the defense, depriving the defendant of a fair trial. *Id.* at 687, 104 S.Ct.2052. That is, "but for counsel's deficient performance, the result of the proceeding would have been different." *Valencia v. State,* 946 S.W.2d 81, 83 (Tex. Crim.App.1997).

Contrary to Atwood's contention that he was denied effective assistance because his attorney failed to object regarding the timing of the indictment's presentment and the proof of venue, the record does not suggest Atwood's trial counsel's conduct fell below the standards of reasonable representation. First, as discussed above, there is no merit in Atwood's claim that the indictment was presented outside of the appropriate term of court. Second, it is not unreasonable to conclude it was with sound professional judgment that Atwood's counsel considered the evidence of venue sufficient and chose, instead, to focus on more persuasive evidence in attempting to bolster Atwood's claim that he was not guilty of the charged offense. As a matter of trial strategy, well within the norms of professional competence, counsel may well have believed that the requirements of venue were satisfied and that pursuing the issue might only serve to distract the court from evidence more favorable to his client.

 Atwood's third argument in support of his claim that he was denied effective assistance of counsel is based on the assumption he was actually denied the assistance of counsel at a critical stage of his prosecution. Atwood argues it was only shortly before the date set for the hearing on his motion for new trial that he learned his trial counsel would no longer represent him, and he was unable to retain new counsel even after the court rescheduled the hearing to a later date. The record itself is unclear as to when Atwood's trial counsel withdrew his representation; nevertheless, it is clear from the record that

both Atwood and the trial court proceeded, at least from December 6, as if Atwood was no longer represented. Normally, when there is no indication counsel filed a motion to withdraw or was replaced by new counsel after sentencing, there arises a rebuttable presumption that "trial counsel continued to effectively represent the defendant during the time limit for filing a motion for new trial." *Prudhomme v. State*, 28 S.W.3d 114, 119 (Tex.App.-Texarkana 2000, no pet.); *see Oldham v. State*, 977 S.W.2d 354, 363 (Tex.Crim.App.1998). In this case, however, the record not only indicates that the parties were aware Atwood was no longer represented, but also demonstrates the court's awareness of the fact in that it twice extended the hearing on Atwood's motion for new trial, expressly advising him to retain new counsel.

Judgment in this case was entered on October 7, 2002. On October 17, Atwood filed a pro se motion for new trial, and a hearing on the motion was set for December 6. Atwood appeared at the hearing, indicated he had only been told in the previous week that trial counsel would no longer represent him, and requested an extension of time in order to retain another attorney. The court granted Atwood's request; however, Atwood appeared again on December 9, expressed his inability to retain new counsel, and asked the court to appoint an attorney. After reviewing Atwood's income and expenses, the court determined he did not meet the criteria for indigence and denied his request to appoint new counsel. The court rescheduled the hearing on Atwood's motion for December 20, but Atwood again appeared without representation. Atwood's motion for new trial was reviewed and subsequently denied.

This Court has previously held that the thirty-day period following sentencing and preceding the deadline for filing a motion for new trial "is a critical stage of the proceedings during which a criminal defendant is constitutionally entitled to assistance of counsel." *Prudhomme*, 28 S.W.3d at 119; *see also Blumenstetter v. State*, 117 S.W.3d 541 (Tex.App.-Texarkana, 2003, no pet. h.). Recognizing the importance of this time period, Atwood notes that prejudice may be presumed with "some varieties of Sixth Amendment violation, such as the actual or constructive denial of counsel altogether at a critical stage of the criminal proceeding," *Batiste v. State*, 888 S.W.2d 9, 14 (Tex.Crim.App. 1994) (citing *Strickland*, 466 U.S. at 692, 104 S.Ct. 2052), and argues that the trial court's failure to appoint counsel at this critical stage triggered the presumption of prejudice. We disagree.

 Although a criminal defendant is constitutionally entitled to effective assistance of counsel in preparing and presenting a defense, "[t]here is no duty imposed on the trial court to appoint counsel until the defendant shows that he is indigent." *Gray v. Robinson*, 744 S.W.2d 604, 607 (Tex.Crim.App.1988). A defendant has the burden of demonstrating he or she is "a person who is not financially able to employ counsel," TEX.CODE CRIM. PROC. ANN. art. 1.051(b) (Vernon Supp.2003), and trial courts, on notice of a defendant's claim, are authorized to make an indigency determination on a case-by-case basis as of the time the issue was raised. *Gray*, 744 S.W.2d at 607. Determination of a defendant's indigency status rests squarely within the discretion of the trial court and is reviewable only for a clear abuse of that discretion. *Newman v. State*, 937 S.W.2d 1, 3 (Tex.Crim.App.1996); *Rosales v. State*, 748 S.W.2d 451, 455 (Tex.Crim.App.1987). The trial court's determination, therefore, will be disturbed on appeal only if the court acted arbitrarily and unreasonably, without reference to any guiding rules or principles, or is so clearly wrong as to lie

outside the zone within which reasonable persons might disagree. *Heidelberg v. State,* 36 S.W.3d 668, 675 (Tex.App.-Houston [14th Dist.] 2001, no pet.).

Article 26.04(m) of the Texas Code of Criminal Procedure lays out several criteria courts may consider in making an indigency determination, including "the defendant's income, source of income, assets, property owned, outstanding obligations, necessary expenses, the number and ages of dependents, and spousal income that is available to the defendant." TEX.CODE CRIM. PROC. ANN. art. 26.04(m) (Vernon Supp.2003). In the present case, after appearing for the second time without representation at the hearing on his motion for new trial, Atwood requested appointed counsel. Acting on this request, the trial court examined Atwood's financial status, specifically reviewing income and assets compared to expenses and outstanding obligations, and determined Atwood was not, in fact, indigent.[3] For this reason, the court denied Atwood's request and rescheduled the hearing, telling Atwood the motion would be considered at that time whether or not he had retained an attorney.

The evidence on appeal fails to suggest Atwood was deprived of counsel in violation of his constitutional rights. Although Atwood claims he was made aware his trial counsel would no longer represent him only the week before the hearing on his motion for new trial, the record indicates the trial court repeatedly advised him to retain counsel, twice rescheduled the hearing in order for Atwood to do so, and even entertained the possibility of appointing counsel in the event Atwood met the requirements for indigency. Viewing the evidence in the light most favorable to the trial court's ruling and affording it almost total deference, *Guzman v. State,* 955 S.W.2d 85, 89 (Tex.Crim.App.1997), we

cannot say the court abused its discretion in determining Atwood was not indigent. The court, therefore, was well within its province in denying Atwood's request for appointed counsel.

*Conclusion*

We conclude that (1) the filing of the indictment clearly fell within the appropriate term of court, (2) venue was sufficiently proved, and (3) Atwood was not deprived of counsel in violation of his constitutional rights.

We, therefore, affirm the judgment of the trial court.

---

**3.** Atwood has not challenged that trial court finding.