EDITH H. JONES, Circuit Judge,
concurring:
I concur in the persuasive panel opinion but write separately to suggest that the State could have better presented its position in this case. Procedurally, this is a peculiar case indeed. Independent research convinces me that under current Texas law interpreting the old versions of Tex.Code CRiM. Proc. §§ 28.061 and 32.01, Young is not “entitled” to relief. From this standpoint, the case looks a lot like Fretwell. On the other hand, the State’s briefing pointed out none of the following points. While the interests of federalism strongly support finality in convictions, and the habeas petitioner bears the burden of proof, we are not authorized to litigate the State’s case if the State does its job poorly.
The key legal question, as the proposed opinion frames it, “is whether the undisputed deficient performance of Young’s counsel deprived Young of a substantive or procedural right to which he was entitled.” The linchpin of this argument is the state habeas trial court’s conclusion of law that: “Had Applicant’s attorney, Jaime Gandara, moved for dismissal ... Appellant would have been legally entitled to such dismissal and discharge under Texas Code of Criminal Procedure, Article 32.01.” This conclusion is almost surely wrong under current Texas interpretation of the relevant provisions.
First, it is important to place Articles 28.061 and 32.01 in the proper context. Under controlling Texas law, these code provisions do not provide a basis for relief once the grand jury has returned the indictment. In Brooks v. State, 990 S.W.2d 278, 285 (Tex.Crim.App.1999)(en banc), the Court of Criminal Appeals ruled that “Article 32.01 has no application once an indictment is returned.” Thus, “the appellant waived his right to challenge the indictment since he filed his writ of habe-as corpus almost a year and a half after the indictment was returned by the grand jury.” Id Following Brooks, the lower courts, in both habeas corpus proceedings and on direct appeal, have uniformly denied post-indictment relief under 28.061 and 32.01. See Blumenstetter v. State, 117 S.W.3d 541, 545 (Ct.App. Tex. —Texarkana 2003); Ex Parte Martin, 33 S.W.3d 843, 846 (Ct.App. Tex-Austin 2000); Smith v. State, 998 S.W.2d 683, 694 (Ct.App. Tex.-Corpus Christi 1999); State v. Weiblen, 2 S.W.3d 375, 375-76 (Ct.App. Tex.-San Antonio 1999).[1] *631 Hence, Brooks operates as a bar to potential sandbagging, since it prohibits defendants from waiting until after an indictment is returned to seek relief under the old statutory provisions.
Second, even if Young’s counsel had moved pre-indictment for relief under the statutes, it is highly doubtful that Young has overcome the “good cause” exception to Article 32.01. Texas courts use a “Barfcer-like totality-of-circumstances test for the determination of good cause under Article 32.01.” In re Martin, 6 S.W.3d 524, 528 (Tex.Crim.App.1999)(citing Barker v. Wingo, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972)). Therefore, the habeas court should consider, among other things: (1) the length of the delay; (2) the State’s reason for the delay; (3) whether the delay was due to a lack of diligence on the part of the State; and (4) whether the delay caused harm to the accused. Martin, 6 S.W.3d at 528.[2]. We need not engage in this inquiry ourselves. The state appellate court actually undertook this precise analysis on direct appeal in ruling on Young’s constitutional speedy trial claim, and holding, after a thorough analysis, that Young “failed to make any showing of prejudice.” The appellate decision, of course, concerned the entire period of delay from arrest to trial, whereas Young’s statutory argument would focus on the period from arrest to indictment. I do not see a critical distinction. Thus, it is difficult to see how “Young’s counsel deprived Young of a substantive or procedural right to which he was entitled.” This state finding is against Young.[3]
Third, these authorities raise the question, unexplored by the State, why this court must be chained to the state trial court’s conclusion in habeas, noted above, that Young would have been entitled to relief under the old statutes. Some years ago, the state court might have been correct, but under current Texas caselaw, Young would not be so entitled. The panel opinion correctly criticizes the state ha-beas court for relying on the current versions of Articles 28.061 and 32.01, even though these provisions expressly applied prospectively beginning well after Young was arrested. On the other hand, when the Texas Court of Criminal Appeals ultimately denied Young’s habeas petition in 2000, it had already decided Brooks and Martin and, in my view, would have been justified by these cases in its decision. Under Neal v. Puckett, 286 F.3d 230, 246 (5th Cir.2002) (en banc), we are to defer to the State’s ultimate decision, not its reasoning. The State, unfortunately, has made no argument to the federal courts based on the evolving interpretation of the old statutory provisions.
For these reasons, a compelling argument exists that Young was not prejudiced in light of the limited application of Articles 28.061 and 32.01. To hold that the failure of Young’s counsel to bring a pre-indictment habeas claim, in and of itself, constitutes prejudice under Strickland, seems to focus “solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable[.]” Lockhart v. Fretwell, 506 U.S. 364, 370, 113 S.Ct. *632 838, 122 L.Ed.2d 180 (1993). Young appears to have reaped a windfall from the federal courts in habeas. As I said at the beginning, however, we are not allowed to litigate for the State. It is to be hoped that the State will be more thoroughly prepared in the future. I therefore concur in the panel opinion.

. Remarkably, the parties failed to cite any of this controlling case law. Instead, the government offered an argument concerning the constitutionality of these articles. In its brief, the government cited to Ex Parte Torres, 966 S.W.2d 723, 728 (Ct.App. Tex.-San Antonio 1998). However, the Court of Criminal Appeals subsequently vacated Ex Parte Torres in light of Brooks. See Ex Parte Torres, 993 S.W.2d 662, 662-63 (Tex.Crim.App.1999). On remand, the appellate court affirmed "the trial court's order denying Torres' application for writ of habeas corpus" because “Brooks unambiguously holds that Article 32.01 has no application once an indictment is returned.” Ex Parte Torres, 2000 WL 190544, *1 (Ct.App. Tex.-San Antonio 2000).

. In fact, one court has found that since the defendant "first raised the issue on appeal, the State did not have the opportunity to present evidence on the good cause issue.” Garrett v. State, 1999 WL 542577, *2 (Ct.App. Tex.-San Antonio 1999). Consequently, the record failed "to establish by a preponderance of the evidence that Garrett suffered prejudice as a result of his counsel's allegedly deficient performance.” Id. (citations omitted).

. As the panel opinion notes, however, the State never articulated good cause specifically for its preindictment delay.