

# NUMBER 13-13-00260-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

**ISSAC DEWAYNE BONNER,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

## On appeal from the 24th District Court of Dewitt County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Perkes
Memorandum Opinion by Justice Garza**

On December 9, 2010, appellant Isaac Dewayne Bonner pleaded guilty to driving while intoxicated, third or more offense and repeat felony offender, *see* TEX. PENAL CODE ANN. § 49.09(b)(2) (West Supp. 2011), a third-degree felony. *See id.* § 12.42

(West Supp. 2011).[1]  Pursuant to a plea bargain, the trial court imposed punishment at ten years' imprisonment and a $1,200 fine, suspended the sentence, and placed appellant on community supervision for seven years.  On October 18, 2012, the State filed a motion to revoke, alleging various violations of appellant's community supervision.  Following a hearing on April 17, 2013, the trial court found that appellant violated the terms of his community supervision as the State alleged, revoked his community supervision, and sentenced him to ten years' imprisonment.  By a single issue, appellant contends that the trial court erred in failing to adequately inquire into his indigency status by failing to consider his pro se request for court-appointed counsel.  We affirm.

## I. BACKGROUND

Appellant was represented by retained counsel prior to and during the revocation hearing.[2]  On March 14 or 19, 2013,[3] approximately a month before the revocation hearing, appellant filed a pro se request for court-appointed counsel.  The pre-printed form states that appellant has no employer, no income, and no assets.

At the beginning of the revocation hearing, the following exchange occurred:

[Trial court]:      You know about this?

[Prosecutor]:      Your Honor, [defense counsel] came to my office about a quarter after 1:00 and told me that she had been told that her client had filed a request for a

---

[1] We note that the judgment states that appellant pleaded guilty to a second-degree felony.  At the later revocation hearing, the prosecutor stated that appellant was indicted for a second-degree felony offense, but was permitted to plead guilty to a third-degree felony offense.  The documents attached to the plea memorandum show that appellant pleaded guilty to a third-degree felony offense.

[2] For example, appellant's retained counsel is listed on a November 8, 2012 order resetting the hearing date, a February 12, 2013 order resetting the hearing date, and an April 3, 2013 order resetting the hearing date.

[3] The date on the document is partially obscured by a notary stamp.

2

court-appointed attorney.  That's the first I knew about it.  [Defense counsel] and I have been talking about this case last week and then yesterday by phone.

[Defense counsel]:  And I was here earlier but you were busy.

[Trial court]:  You were retained on this case?

[Defense counsel]:  Yes, sir.  Back in whenever, in Goliad.

[Trial court]:  And you've been paid?

[Defense counsel]:  Well, mostly, yes, Your Honor.

[Trial court]:  Okay.  Well, I'm going to deny the motion for a court-appointed lawyer and we're going to go forward.

The trial court proceeded with the revocation hearing.  There was no objection from appellant or his counsel.

## II. STANDARD OF REVIEW

A trial court's determination of a defendant's indigency status is reviewed for an abuse of discretion and will not be disturbed on appeal absent such an abuse.  *Newman v. State*, 937 S.W.2d 1, 3 (Tex. Crim. App. 1996); *Atwood v. State*, 120 S.W.3d 892, 896–97 (Tex. App.—Texarkana 2003, no pet.).

## III. DISCUSSION

Appellant was represented by retained counsel at the time he filed his pro se request.  "It is not error for a court to overrule an appellant's pro se motion that was filed when he was represented by counsel."  *Ashcraft v. State*, 900 S.W.2d 817, 831 (Tex. App.—Corpus Christi 1995, pet. ref'd).  "An accused has no constitutional right to hybrid representation of partially pro se and partially by counsel."  *Id.*  "Once an appellant has retained an attorney, the court is entitled to look solely to the attorney and is not required to consider pro se motions."  *Id.*  Accordingly, the trial court was not required to

3

consider appellant's pro se request and did not abuse its discretion in denying it. *See*

*id.* We overrule appellant's sole issue.

## IV. CONCLUSION

We affirm the trial court's judgment.

_____
DORI CONTRERAS GARZA
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
15th day of August, 2013.