# NO. 12-24-00134-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *LAMAR DEON HARRIS,* *APPELLANT* | § | *APPEAL FROM THE 114TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Lamar Deon Harris appeals his conviction for possession of between four and two hundred grams of methamphetamine with intent to deliver. In one issue, Appellant argues that he received ineffective assistance of counsel at trial. We affirm.

### BACKGROUND

Appellant was charged by indictment with possession of between four and two hundred grams of methamphetamine with intent to deliver and pleaded "not guilty." The indictment further alleged that Appellant had two, prior, felony convictions. The matter proceeded to a jury trial.

The record of Appellant's trial reflects that after observing multiple traffic violations, officers conducted a routine traffic stop of a vehicle within the City of Tyler, Texas in the area near the intersection of Chandler Highway and Loop 323. Appellant was the passenger in the vehicle. The driver ultimately was arrested for driving while intoxicated. During the ensuing search of the vehicle, officers discovered a plastic baggie containing numerous pills in the front, passenger door

panel. When confronted with the officers' discovery of the pills and asked if they belonged to him or the driver, Appellant stated, "They're mine." The pills later were determined to contain methamphetamine. The baggie and pills were determined to have a gross weight of 28.889 grams, and the tested sample of the pills weighed 4.45 grams.

Following the presentation of evidence and argument of counsel, the jury found Appellant "guilty" as charged. After approving an agreement between the State and Appellant regarding Appellant's punishment, the trial court sentenced Appellant to imprisonment for thirty-five years. This appeal followed.

## INEFFECTIVE ASSISTANCE OF COUNSEL

In his sole issue, Appellant argues that his trial counsel was ineffective due to his failure to object to the State's failure to prove that venue was proper in Smith County, Texas.

We examine claims of ineffective assistance of counsel under the standard set forth in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). *Hernandez v. State*, 726 S.W.2d 53, 56–57 (Tex. Crim. App. 1986); *Emo-Odunze v. State*, No. 14-14-00601-CR, 2016 WL 792504, at *5 (Tex. App.–Houston [14th Dist.] Mar. 1, 2016, pet. ref'd) (mem. op., not designated for publication). The first step of the *Strickland* analysis requires the appellant to demonstrate that trial counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. *See Strickland*, 466 U.S. at 688, 104 S. Ct. at 2065. To satisfy this step, the appellant must identify the acts or omissions of counsel alleged to be ineffective assistance and affirmatively prove that they fell below the professional norm of reasonableness. *See McFarland v. State*, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). The reviewing court will not find ineffectiveness by isolating any portion of trial counsel's representation but will judge the claim based on the totality of the representation. *See Strickland*, 466 U.S. at 695, 104 S. Ct. at 2069.

To satisfy the *Strickland* standard, an appellant also is required to show prejudice from the deficient performance of his attorney. *See Hernandez v. State*, 988 S.W.2d 770, 772 (Tex. Crim. App. 1999). To establish prejudice, an appellant must prove that but for counsel's deficient performance, the result of the proceeding would have been different. *See Strickland*, 466 U.S. at 694, 104 S. Ct. at 2068.

In any case considering the issue of ineffective assistance of counsel, we begin with the

strong presumption that counsel was effective. *See Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). We must presume counsel's actions and decisions were reasonably professional and were motivated by a sound trial strategy. *See id.* Before being condemned as unprofessional and incompetent, defense counsel should be given an opportunity to explain his or her actions. *See Bone v. State*, 77 S.W.3d 828, 836 (Tex. Crim. App. 2002). An appellant has the burden of rebutting this presumption by presenting evidence illustrating why his trial counsel did what he did. *See id.* He cannot meet this burden if the record does not affirmatively support the claim. *See Jackson v. State*, 973 S.W.2d 954, 955 (Tex. Crim. App. 1998) (inadequate record on direct appeal to evaluate whether trial counsel provided ineffective assistance); *Phetvongkham v. State*, 841 S.W.2d 928, 932 (Tex. App.–Corpus Christi 1992, pet. ref'd, untimely filed) (inadequate record to evaluate ineffective assistance claim); *see also Beck v. State*, 976 S.W.2d 265, 266 (Tex. App.–Amarillo 1998, pet. ref'd) (inadequate record for ineffective assistance claim, citing numerous other cases with inadequate records to support ineffective assistance claim). A record that specifically focuses on the conduct of trial counsel is necessary for a proper evaluation of an ineffectiveness claim. *See Kemp v. State*, 892 S.W.2d 112, 115 (Tex. App.–Houston [1st Dist.] 1994, pet. ref'd). Thus, absent a properly developed record, an ineffective assistance claim usually must be denied as speculative, and, further, such a claim cannot be built upon retrospective speculation. *Bone*, 77 S.W.3d at 835.

Therefore, when the record is silent as to counsel's strategy, we will not conclude that the defendant received ineffective assistance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005). Rarely will the trial record contain sufficient information to permit a reviewing court fairly to evaluate the merits of such a serious allegation.

A sound trial strategy may be imperfectly executed, but the right to effective assistance of counsel does not entitle a defendant to errorless or perfect counsel. *See Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006). "[I]solated instances in the record reflecting errors of omission or commission do not render counsel's performance ineffective, nor can ineffective assistance of counsel be established by isolating one portion of trial counsel's performance for examination." *McFarland v. State*, 845 S.W.2d 824, 843 (Tex. Crim. App. 1992), *overruled on other grounds by Bingham v. State*, 915 S.W.2d 9 (Tex. Crim. App. 1994). Moreover, "[i]t is not sufficient that the defendant show, with the benefit of hindsight, that his counsel's actions or

omissions during trial were merely of questionable competence." ***Mata v. State***, 226 S.W.3d 425, 430 (Tex Crim. App. 2007). Rather, to establish that counsel's acts or omissions were outside the range of professionally competent assistance, an appellant must show that counsel's errors were so serious that counsel was not functioning as counsel. ***Patrick v. State***, 906 S.W.2d 481, 495 (Tex. Crim. App. 1995).

## Failure to Meet First Prong of Strickland

In the instant case, Appellant asserts that his trial counsel acted deficiently by failing to object to the State's failure to prove venue in Smith County, Texas and such failure to object and preserve the error for appeal resulted in the presumption that venue was proved at trial. *See* TEX. R. APP. P. 44.2(c)(1). However, Appellant failed to file a motion for new trial after his conviction, and, as a result, the record is silent regarding the reasons for his counsel's failure to object.

Appellant's claim is based on his trial counsel's failure to act, however the record is not sufficiently developed to evaluate the alleged failure to act because neither his counsel nor the State have been given an opportunity to respond to the allegation. *See **Menefield v. State***, 363 S.W.3d 591, 593 (Tex. Crim. App. 2012). We reiterate that trial counsel normally should be afforded an opportunity to respond for the alleged failing prior to being deemed ineffective. *See **Mata***, 226 S.W.3d at 430–32; ***Rylander v. State***, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003).

Nonetheless, Appellant argues that no reasonable trial strategy exists for his trial counsel's failure to object. However, it is not unreasonable to conclude that trial counsel may have known venue was appropriate in Smith County[1] and that any deficiency in the State's evidence could have been cured by testimony of a police officer present at the time of the traffic stop. *See, e.g., **Eme-Odunze***, 2016 WL 792504, at *6. Therefore, trial counsel may have chosen to employ a strategy of focusing his efforts on more persuasive arguments, such as the constitutionality of the search that led to the discovery of the controlled substances.[2] *See, e.g., **id.*** (citing ***Atwood v. State***, 120 S.W.3d 892, 895 (Tex. App.–Texarkana 2003, no pet.) (holding "it is not unreasonable to conclude it was with sound professional judgment that [defendant's] counsel considered the evidence of

---

[1] As set forth above, the record reflects that the traffic stop occurred within the city limits of Tyler, Texas. Tyler is the county seat of Smith County, Texas. *See* https://www.britannica.com/place/Tyler. The City of Tyler's boundaries exist entirely within Smith County. *See* https://www.tylertexasonline.com/tyler-texas-maps.htm; https://www.txdot.gov/content/dam/docs/maps/city/travel-map-tyler.pdf.

[2] The record reflects that Appellant's trial counsel filed a pretrial motion to suppress the evidence on this basis.

venue sufficient and chose, instead, to focus on more persuasive evidence in attempting to bolster [defendant's] claim that he was not guilty of the charged offense")). Additionally, trial counsel could have believed that objecting to the venue evidence only would have served to distract the jury from more substantive evidence favorable to Appellant. *See Eme-Odunze*, 2016 WL 792504, at *6 (citing (citing *Atwood*, 120 S.W.3d at 895 (holding "[a]s a matter of trial strategy, well within the norms of professional competence, counsel may well have believed that the requirements of venue were satisfied and that pursuing the issue might only serve to distract the court from evidence more favorable to his client")). Therefore, we conclude that Appellant's trial counsel's failure to object to proof of venue is not the type of omission that is "so outrageous that no competent attorney would have engaged in it." *Goodspeed*, 187 S.W.3d at 392.

In sum, Appellant failed to show his trial counsel's representation was deficient. Thus, we hold that he has not satisfied the first prong of the *Strickland* test. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we *affirm* the trial court's judgment.

JAMES T. WORTHEN
Chief Justice

Opinion delivered November 27, 2024.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 27, 2024**

**NO. 12-24-00134-CR**

**LAMAR DEON HARRIS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

---

Appeal from the 114th District Court
of Smith County, Texas (Tr.Ct.No. 114-1707-23)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED, and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*