### Frank Fossett et al v. The State.

#### No. 2434.  Decided June 5, 1901.

**1.—Recognizance—Forfeiture—Discharge of Sureties.**

Under our statutes, bail obligates sureties that their principal will appear and answer, before the proper court, the accusation brought against him; and this obligation continues until he enters his final plea of guilty or not guilty to the indictment.

**2.—Same—Construction of Statutes.**

Article 635, Code of Criminal Procedure, which declares, that "when a defendant, in a case of felony, is on bail, he shall, before the trial commences, be placed in the custody of the sheriff and his bail be considered discharged;" and article 641, which provides that "by the term called for trial is meant the stage of the case when both parties have announced that they are ready, or when a continuance, having been applied for, has been denied," when considered in connection with the other provisions of the code relating to this subject, mean that when defendant is ready to plead to the accusation he is then placed in the custody of the sheriff and his bail discharged, and not before.

**3.—Same.**

The proper construction of the articles of the code relating to the termination of the bail of sureties, means that the bail terminates and the custody of the court or the sheriff begins only after the defendant appears in court and enters his plea of guilty or not guilty to the indictment.  Davidson, P. J., dissents.

Appeal from the District Court of Tarrant.  Tried below before Hon. Irby Dunklin.

Appeal from a judgment on the final forfeiture of a recognizance, for the sum of $6000, executed by Frank Fossett as principal and John E. Rahl and W. M. Holloway as sureties for the appearance of the principal, Fossett, to answer to an indictment for murder.

The defendant, Frank Fossett, was arrested on the charge of murder.

He had an examining trial before a justice of the peace of Precinct No. 1 of Tarrant County, Texas, who remanded him to jail without bond. Subsequent to this time, and on to wit, the 1st day of June, 1899, the defendant was indicted by the grand jury of Tarrant County, charged with the offense of murder. After the indictment was found, a hearing was had before the Hon. W. D. Harris, judge of the Seventeenth Judicial District of Texas (in which court the indictment was pending), upon a petition of habeas corpus, presented by said defendant, Frank Fossett. Upon said hearing, an order was made by the judge of said court, admitting said defendant to bail in sum of $6000. The defendant, Frank Fossett, as principal, and John E. Rahl and Burrell Holloway as sureties, entered upon recognizance in the sum of $6000, and said case was tried in said court, and resulted in a verdict of guilty of murder in second degree, and punishment fixed at twenty-five years in the penitentiary, from which judgment defendant appealed and the case was reversed and remanded; and when the mandate was returned, defendant then made his recognizance, with the defendants John E. Rahl and W. M. Holloway as sureties, in the sum of $6000, of date March 13, 1900. The case of the State against Frank Fossett, charged with murder, was regularly set down for trial for the first case on Monday, May 14, 1900. For that week, beginning Monday, May 14, 1900, the judges of the Forty-eighth and Seventeenth Judicial Districts, had exchanged districts, and Hon. Irby Dunklin was presiding in the Seventeenth Judicial District. On that day the said case against Frank Fossett was regularly called, and the State announced ready. The defendant thereupon announced not ready for trial, and thereupon presented to the court an application for a change of venue. This motion was on trial from Monday, May 14th, to the afternoon of May 16th, at which time the court overruled the motion for a change of venue. Thereupon, late in the afternoon of May 16th the defendant Fossett asked for time to prepare and present an application for continuance, which was granted. On the morning of the 17th, when the court convened, the said defendant presented his application for continuance. This motion was heard and the court announced that he would overrule the motion, but before the court could write his order on the docket, the defendant's counsel, Felix Thurmond, being then on his feet, announced to the court that they had a demurrer to the jurisdiction of the court to try the case, which they desired to present, and immediately proceeded to read the same. After reading same, defendant's counsel announced to the court that he had an authority supporting his demurrer, which he would go to his office and procure, if the court would wait on him. The court announced to counsel for defendant (Mr. Thurmond) that it would grant him time to procure the authority as claimed by him, and thereupon said counsel left the courtroom. The court then left the bench and the courtroom, retiring with the demurrer, or plea in abatement, to his private chambers, for the purpose of examining some authorities. After a lapse of some time (probably thirty minutes) Mr. Thurmond returned to the judge's

chambers, bringing and presenting to the court an authority which the court proceeded to read and examine. A few minutes thereafter the court re-entered the courtroom, took his seat on the bench, and announced that he would overrule the demurrer, and instructed the sheriff to call the jurors around in the box, and the clerk to prepare a jury list; and then, picking up a pen, entered on the docket the following orders.

"May 17, 1900. Motion for continuance overruled and defendant excepts.

"May 17, 1900. Defendant's exception and demurrer to Irby Dunklin sitting as judge overruled and defendant excepts."

Thereupon the State's attorney asked, "Where is the defendant?" and the sheriff, after looking over the courtroom, asked the defendant's counsel where the defendant was. They replied that they did not know. Thereupon the sheriff announced to the court that the defendant was not present. The court then, after having the defendant regularly called as required by law, and after waiting a reasonable length of time for the defendant to appear, and the defendant failing to appear, entered a judgment forfeiting his recognizance. The defendant has never appeared since said forfeiture was entered, and said cause of State v. Frank Fossett, charged with murder, is still pending on the docket of the Seventeenth Judicial District Court of Tarrant County, Texas. The defendant, Fossett, was present in court the morning of the 14th of May, 1900, when the case was called, and when the motion for change of venue was presented, and said defendant continued present in the courtroom, sometimes sitting by his counsel and going in and out of the courtroom at his pleasure up to and including the time the court orally announced that it would overrule the motion for continuance, but the defendant Fossett left the court room while the judge was in his private office considering the merits of defendant's demurrers and authorities thereon, and before any ruling was made on said demurrer, or any entry made on said motion for continuance, and said defendant never did return to said courtroom at any time thereafter. The defendant, Fossett, upon leaving the courtroom, walked to the office of his counsel, a distance of about 500 feet from the courthouse, entered the same, remained a short while, and again returned to the street, where he met an acquaintance to whom he announced he was going to leave. The sheriff never at any time took formal custody of the defendant, Fossett; and at no time did the court order the defendant into custody of the sheriff, and at no time did the sureties on defendant's recognizance, nor the defendant, nor his attorneys, nor anyone else, request that defendant be placed in the custody of the sheriff. W. M. Holloway, one of the sureties, came from Meridian to Fort Worth to see that Fossett made his appearance for trial, and Holloway remained in Fort Worth until Tuesday, May 15, 1900, when, seeing the motion for change of venue being argued, and Fossett present, left for home. Counsel for Rahl and Holloway in this case were not of counsel for said Fossett in said criminal case.

*Robertson & Robertson* and *Crane & Greer,* for appellant.—The judgment of the court is contrary to the law and to the evidence in this; the agreed statement of facts, on which the case was tried, shows that at the time the principal, Frank Fossett, made his escape, he was in custody of the court and of the officers, his trial had commenced and his sureties were discharged, and that said Frank Fossett was openly and visibly present in person in the courtroom when his criminal case (State v. Frank Fossett, No. 14,415) was called for trial, and when the State announced ready for trial in said cause, and when the said Fossett's application for a continuance of said case was overruled by the court, and that said Fossett remained so personally present in court for some time thereafter, and that he was not on bail at the time he escaped, but was in lawful custody of the proper officers of Tarrant County, Texas.

In the case of State v. Frank Fossett, the State having announced ready for trial, and the defendant having presented his application for a continuance, and the court having announced his decision thereon, to wit, that it was overruled, the trial was thereby commenced.

It is the duty of the trial court in a felony case to put the defendant, who is on bail, in the custody of the sheriff before the trial commences, and thereby discharge the sureties from further responsibility, and unless this is done when the application for a continuance made by defendant is overruled, it is impossible to comply with the statutes at any later period.

Upon the announcement of ready for trial by the State, and the overruling of the application for continuance by the defendant, the defendant was required to plead to the indictment. The case had been called for trial and the trial had begun. Code Crim. Proc., art. 640; Cole v. State, 11 Texas Crim. App., 67; Shaw v. State, 17 Texas Crim. App., 225; McGrew v. State, 31 Texas Crim. Rep., 336.

*D. E. Simmons,* Acting Assistant Attorney-General, and *O. S. Lattimore,* County Attorney, for the State.—Defendant, not having announced ready for trial and not having had his preliminary matters disposed of by the court, neither having been delivered by his sureties into the custody of the sheriff, was not in the custody of the law; and the recognizance of defendant was properly forfeited.

It is admitted that the sheriff never at any time took formal custody of the defendant, Fossett; that at no time did the court order defendant into custody of the sheriff, and at no time did the sureties on defendant's recognizance, nor the defendant, nor his attorneys, nor anyone else, request that defendant be plaaced in the custody of the sheriff. Code Crim. Proc., arts. 304, 308, 635, 641, 697; Rothschild v. State, 7 Texas Crim. App., 519; Coe v. State, 11 Texas Crim. App., 67; Shaw v. State, 17 Texas Crim. App., 225; McGrew v. State, 31 Texas Crim. Rep., 336.

HENDERSON, JUDGE.—This is an appeal from a judgment final, on

a forfeited recognizance, rendered in the District Court of Tarrant County against Frank Fossett, as principal, and John E. Rahl and W. M. Holloway, as sureties. The recognizance was taken in the case in which Frank Fossett, the principal, was charged with murder, and was in the sum of $6000.

Appellants contend that the judgment should be reversed, because at the time the forfeiture was taken the trial of Frank Fossett had commenced, and he was no longer on his recognizance, but was in the custody of the court.

It appears from the record the criminal case against Frank Fossett was set down for trial on Monday, May 14th, and that day the case was regularly called, and Fossett was present in court and presented a motion for a change of venue. This motion was on trial from Monday, May 14th, until the afternoon of May 16th, at which time the court overruled the same. Late in the afternoon of the 16th defendant Fossett asked for time to procure and present an application for continuance, which was granted. On the morning of the 17th, when court convened, defendant presented his application for continuance. This motion was heard, and the court announced he would overrule it, but before the court wrote the order on his docket one of counsel for defendant announced to the court that they had a demurrer to the jurisdiction of the court to try the case which they desired to present; and immediately proceeded to read the same. After hearing the motion, said counsel announced to the court that he had an authority supporting his demurrer, which he would go to his office and procure, if the court would wait on him. Time was granted, and thereupon said attorney left the courtroom. The judge then left the bench, retiring to his private room in the courthouse for the purpose of examining authorities on the question. After about thirty minutes the attorney returned with the authority, which was examined by the judge, who then announced that he would overrule the demurrer. He then proceeded to enter the following orders: "May 17, 1900. Motion for continuance overruled and defendant excepts." "May 17, 1900. Defendant's exception and demurrer to Irby Dunklin sitting as judge overruled and defendant excepts." Thereupon it was discovered that defendant Fossett was not present in court. The court had him called, and after waiting a reasonable length of time for him to appear, on his failure to so appear, his recognizance was forfeited. It is further made to appear that the sureties never at any time placed defendant in custody of the sheriff; nor did the court order the sheriff to take charge of the defendant, nor did the sheriff at any time take charge of him. It was shown that defendant left the courthouse about the time his lawyer went to his office after the authority on his motion to have the judge recused; and that he did not afterwards return, nor has he since surrendered or brought himself within the jurisdiction of the court. It is insisted on the part of the sureties, who are appellants in this case, that the contingency had arrived under our statutes which discharged defendant Fossett from the custody of his bail; and that the trial having commenced,

he was then in the custody of the court or the sheriff. In support of this contention, we are cited· to the following articles of the Code of Criminal Procedure, to wit, articles 635, 640 and 641. Said articles read as follows: "Art. 635. When the defendant in a case of felony is on bail he shall, before the trial commences, be placed in the custody of the sheriff and his bail be considered as discharged." "Art. 640. In all cases less than capital the defendant is required, when his case is called for trial, before it proceeds further, to plead by himself or counsel whether or not he is guilty." "Art. 641. By the term, 'called for trial,' is meant the stage of the case when both parties have announced that they are ready, or when a continuance having been applied for has been denied." We understand that particular stress is laid on the last article as construing the preceding articles; and that the facts show the contingency marked out by this latter article, which discharged the sureties, had occurred; that is, that the case had been called for trial and the State had announced ready, and a continuance, which had been applied for on the part of defendant, had been presented and had been overruled by the court. While this is literally true in one sense, still there are other articles of our Code of Criminal Procedure which are to be taken into consideration in determining the question as to whether the recognizance has fulfilled its purpose under the law, and is no longer binding on the recognizors. Among others, we ·refer to articles 303 to 310 inclusive, which define bail and recognizance, and lay down some of the rules applicable thereto; and articles 569, 570, 575, 576, 577 and 617, which relate to the plea of not guilty and other pleas and motions of a defendant; and article 476, which relates to the forfeiture of bail.

Now it will be observed that bail, as prescribed by our statutes, obligates the sureties that their principal *will appear and answer* before the proper court the accusation brought against him; and the bail in this instance follows, as it should, the terms of the statute. What *answer* is referred to? Evidently, this is provided for in article 640; that is, in every case the bail requires a defendant to *appear and answer* before the proper tribunal, *whether or not he is guilty.* Of course, there are special pleas and answers that he can make, but this is the final answer, and his bail goes with him until he has entered his ·final plea. True, he is required to be present on other occasions. Indeed, no important step can be taken in his case, if it is a felony, unless he is present; but his bail holds him in custody, and requires him to be present at each stage of the procedure, including and up to the last stage, when he is required to enter his plea of guilty or not guilty. And when articles 635 and 641 say that before the trial commences he shall be placed in custody of the sheriff and his bail be considered as discharged, and that this stage is reached when both parties have announced ready or when a continuance, applied for by a defendant, has been overruled, it clearly means that marks the stage of the case when the jury trial is to begin. But it does not mean that defendant can stand by and hear the court announce his continuance overruled, and the dodge out and escape, and thus relieve

his bail; but he must, in accordance with the terms of his and their contract, remain until he has entered his plea. This may be, and, under the statute, should be, before the jury is impaneled. See art. 640, Code Crim. Proc. Of course, it does not follow that his bail may not surrender him under other articles of the statute before this juncture; but it implies that there is no interregnum between his bail and his trial,— that is, his final plea. The law did not intend to furnish a loophole for his escape before his final answer. This construction is further borne out by reference to those articles of our statute which relate to the hearing of motions. These may be heard and determined at any time before trial upon the plea of not guilty is entered upon, but not afterwards. See art. 577, Code Crim. Proc. Article 591, Code of Criminal Procedure, provides: "Judgment shall in no case be given against the defendant where his motion, exception, or plea is overruled, but he shall in all cases be allowed to plead not guilty. If he refuses to plead it shall be considered as if the plea were offered and be noted accordingly." From these articles,—indeed, from every provision of the Code,—it is evident that all motions of every character must be disposed of, and that these are preliminary to the main trial; and when that stage is reached, and when he is ready to plead to the accusation, he is then placed in custody of the sheriff and his bail dicharged, but not before. It appears that, after the court had announced what disposition he would make of the motion for continuance, defendant did not then enter his plea to the indictment, but craved leave to present another motion, which motion, indeed, should have come before the motion for continuance, as it went to the jurisdiction of the court,—still it could be offered at any time; and the permission granted by the court to allow the same to be presented was tantamount to holding his ruling on the motion for continuance in abeyance until he had made his ruling on the motion to recuse himself (and he certainly had authority over his own orders during the term). If the court had held that he was not qualified to try the case, this would have been a postponement or continuance of the case until some other judge should be authorized· to try it. The motion was not a joinder of issue, but was evidently intended to cut off an announcement of "ready" at that time. Suppose, when the court announced he would overrule the motion for continuance, he had then ordered defendant to come forward and enter his plea, and had then announced that his bail was released, and the sheriff would take custody of him, and defendant had then stated he was not ready to proceed with the trial; that he had another motion to present. Could the court have refused to hear his motion, or to have discharged his bail pending the preparation and hearing of that motion? Unquestionably, under the terms of the law, he could present such motion, and he was in the custody of his bail pending its preparation; the motion itself being in the nature of a request of the court to hold up his ruling on the motion for continuance, and to forbear pressing him to trial, until such other motion should be disposed of. The court was asked to hear a preliminary motion,—a motion set up

to avoid a trial altogether; and, until this was disposed of, the case could not be called for trial proper, and, until this could be done, the trial before the jury could not commence. In the meantime his bail, which required him to answer the State's charge, and, in order to do so, to be there when the trial should begin, was operative; and he could no more evade the terms of his recognizance, as was attempted in this case, than he could had he remained present during the reading of his motion for continuance and the overruling by the judge of the same and then, instead of remaining and pleading to the indictment, have immediately fled from the courtroom and made his escape. We apprehend it will not be seriously contended by appellant that he could have avoided the obligation of his bail in this manner.

The civil cases referred to by appellants with reference to when a civil trial commences we do not think shed any light on this quesetion, as we are controlled by our articles of the Penal Code and the Code of Criminal Procedure. Nor is there any case that we have been referred to, decided by this court, covering the question raised here. The cases of Cole v. State, 11 Texas Criminal Appeals, 71, Shaw v. State, 17 Texas Criminal Appeals, 225, and McGrew v. State, 31 Texas Criminal Reports, 339, are not in point, though they may have some bearing upon the question here involved. In McGrew's case, articles 640 and 641 were held directory as to the time within which a party was required to plead. If said articles are directory in that respect, they might be regarded as directory in other respects. At any rate, they are to be considered in accordance and in harmony with other provisions of the Code bearing on the same subject. We do not think they were intended to abrogate the provisions of the Code defining "bail" and "recognizance," but merely as giving direction to the court as to when it was its duty to place defendant in custody of the sheriff, and thus relieve his bail; and this was when the trial should begin, and defendant at this juncture should be ready to submit himself to the jurisdiction of the court, and enter his plea to the indictment. We accordingly hold that the proper construction of the articles of our Code of Criminal Procedure bearing on the question as to when the bail of the prisoner terminates, and the custody of the court or the sheriff begins, is when such defendant appears in court and enters his plea of guilty or not guilty to the indictment. This is in accordance with the terms of the contract of himself and his sureties with the State, and the articles which appellants have invoked are to be construed in accordance with this contract and other statutes regulating the trial.

The judgment is affirmed.

*Affirmed.*

DAVIDSON, PRESIDING JUDGE (dissenting).—The judgment was affirmed at the Austin term, and during the Tyler term, 1901, the motion for rehearing was overruled. I have been unable to agree with my brethren upon the disposition of the case, and most respectfully

enter my dissent. The substance of the facts shows that the motion to change the venue was overruled, as was the motion for continuance; the State having previously announced "ready for trial." Time was asked to prepare a motion to disqualify the judge. Some time after the motion for continuance was overruled, appellant Fossett left the courtroom and went his way. He was sitting inside the bar of the courtroom when his motion was overruled, and subsequently left. His bond was forfeited. Article 635, Code of Criminal Procedure, reads as follows: "When a defendant in a case of felony is on bail, he shall, before the trial commences, be placed in the custody of the sheriff, and his bail be considered as discharged." Article 640 provides: "In all cases less than capital the defendant is required, when the case is called for trial, before it proceeds further, to plead by himself or his counsel, whether or not he is guilty. Article 641 provides: "By the term, 'called for trial,' is meant the stage of the case when both parties have announced that they are ready, or when a continuance having been applied for has been denied." Perhaps it will be unnecessary to discuss articles 635 and 640. Whatever they do mean, it is evident that two propositions are made certain by their terms, to wit: (1) Before the trial commences the party under bail shall be placed in the custody of the sheriff and his bail shall be considered discharged; (2) that, in non-capital cases, when the case is called for trial the defendant can be required to plead, by himself or his counsel, whether or not he is guilty. Article 641 provides as to what is meant by the term "called for trial;" that is, when the announcement of ready has been made by both parties, or when the continuance which has been applied for has been denied. In this case I deem it unnecessary to go further in the proceedings than article 641. If there is anything made manifest by the statement of facts and by the entire transcript, it is that the application for continuance had been refused. And under the last cited article, defendant was then on trial, and out of the hands of his sureties. This being true, by the terms of article 635, supra, he was in the custody of the sheriff, and his bail discharged; the sureties being no longer responsible for the custody of their principal. If this view is not correct, it would be a difficult matter to determine when the defendant is in custody of the officer for trial purposes, and when he is in custody of his sureties. If article 635 means anything, it occurs to me, it is clear that appellant is in the custody of the sheriff before the trial commences. In other words, when, ever the law requires the presence of the defendant in court to answer the demands of the State, and the alternative is presented that his non-appearance would authorize the forfeiture of his bond, he is then in the hands of the sheriff, or the custody of the law. Whether or not this be correct, still the facts demonstrate, beyond any cavil or question, that the application for continuance had been overruled, and he was thereby placed in the custody of the law, and taken from his bondsmen; and whether or not he had answered "ready" personally would

make no·difference; the law declaring at this stage of the proceedings he is ready for trial upon the merits of his case, and is in fact on trial. Without going at length into a discussion of the question, I believe the judgment should have been reversed, and the prosecution ordered dismissed.

[Note.—Appellants' motion for rehearing was overruled without a written opinion.—Reporter.]