## LESLIE WEBB V. STATE

No. 27,410. March 9, 1955
State's Motion for Rehearing Denied
April 27, 1955

*Looney Lindsey* and *Hollie G. McClain,* Gilmer, for appellant.

*G. L. Garrison, F. L. (Tiny) Garrison, J. O. Duncan,* County Attorney, (on appeal only) all of Gilmer, and *Leon Douglas,* State's Attorney, Austin, for the state.

MORRISON, Presiding Judge.

The offense is murder; the punishment, death.

This conviction must be reversed because the court heard for some several days (since it requires 238 pages of the statement of facts to cover it) evidence on the motion to quash the indictment in the absence of the accused. The cause was set for June 7, 1954. On the day preceding, the appellant, who was in jail, was carried to the hospital for an appendectomy. On the morning of the 7th, the court called the case, and the state announced ready, even though it was known that the appellant was not present. The appellant's court-appointed counsel filed a motion to quash the indictment, but objected strenuously to proceeding without the appellant being present. The court offered to issue an attachment if appellant's counsel would request it. Counsel stated that they did not want to take the responsibility of injury to appellant's health that might result from moving him from the hospital at that time. The court then proceeded to hear testimony on the motion to quash in the absence of the accused. The court seemed to act on the theory that it was incumbent upon appellant's counsel to have him present and that his presence was not necessary. Since the appelant was not at liberty on bail but was in custody and since a hearing of evidence on the motion to quash the indictment is a vital step in the trial of a criminal case, the trial court was in error in both grounds.

In Phelps v. State, 158 Cr. Rep. 510, 257 S.W. 2d 302, we said, "Our system of jurisprudence is bottomed on the doctrine of confrontation. An accused is not confronted by witnesses who speak in his absence."

In Ruiz v. State, 92 Texas Cr. Rep. 73, 242 S.W. 231, this court reversed a conviction because the appellant was in jail and not present in court when the motion for new trial in his case was heard. There we said:

"A person charged with crime is guaranteed by our Constitution the right to be confronted by the witnesses against him. This means the witnesses testifying against him upon any phase of his trial. Article 1, Sec. 10, Const."

In Garcia v. State, 151 Texas Cr. Rep. 573, 210 S.W. 2d 574, we fully discussed the right of confrontation guaranteed by the Constitution.

Another serious question also presents itself for decision. The motion to quash the indictment alleged that it was not returned during a legally constituted term of court and that the grand jury which returned it was not a legally constituted grand jury. In order to decide that question, we must construe the law relating to terms of court and carefully note the chronology of events in this case.

Section 115 of Article 119, V.A.C.S., provides that the terms of court in Upshur County, where this prosecution was held, shall begin on the first Monday in January and June of each year and may continue in session until and including the Saturday immediately preceding the Monday for convening the next regular term.

On March 18, 1954, the January term of said court was still in session, with an empaneled grand jury which had been discharged but was subject to being reassembled under the provisions of Article 372, V.A.C.C.P. On said date the judge of said court ordered a special term of court to be convened on March 22 and to terminate on May 31 unless terminated sooner by order of the court. On the same day the court appointed five men to act as jury commissioners for the special term.

On March 20 the court entered an order adjourning the regular term of said court as of March 22 and until the expiration or adjournment of the special term.

The indictment against the appellant was returned on March 25 by the grand jury chosen for the special term and on the same day they were discharged.

On April 2 the court entered an order adjourning the special term as of April 7 and on the same day ordered the grand jury chosen for the regular term to reconvene on April 7.

On April 7 the court entered an order reconvening the regular term as of that date, and the grand jury for the regular term reconvened.

Appellant contends that Article 1920, V.A.C.S., which au-

thorizes the holding of special terms in the district court, does not authorize the procedure set forth above.

We are inclined to agree with him. The Supreme Court of this State in Labadie v. Dean, 47 Texas 90, said "When a Court is organized and opened for a regular term, the term continues until it is ended by order of final adjournment, or until the efflux of time fixed by law for its continuance."

Article 338, V.A.C.C.P., provides for the selection of grand jurors for the *term of court*.

Article 372, V.A.C.C.P., provides, in part, as follows: "A grand jury discharged by the Court for the term may be re-assembled by the Court at any time during the term."

We have concluded that the trial court was without authority to call a special term to convene prior to the final adjournment of the regular term.

We commend the conscientious trial court for his efforts to secure a grand jury which would not be subject to the complaint of racial discrimination.

The judgment is reversed, and the prosecution under the present indictment is ordered dismissed.

### ON STATE'S MOTION FOR REHEARING

DAVIDSON, Judge.

The state presses upon us the contention that we erred in concluding that the hearing on appellant's motion to quash the indictment and the introduction of much testimony in support thereof in his absence constituted a violation of his constitutional guarantee (Art. I, Sec. 10, Texas Const.) to be confronted by the witnesses against him.

In support of the state's contention, counsel cite cases holding that a hearing on motion for change of venue (Rothschild v. State, 7 Texas App. 519) and motions for continuance (Fossett, et al, v. State, 43 Texas Cr. R. 117, 67 S.W. 322) were matters not a part of a trial proper and therefore were not such as would come within the guarantee of confrontation.

Indeed, the state's position is supported by the reasoning

that there can be no trial until there is a valid indictment nor so long as the sufficiency of the indictment is to be determined. The case of State v. Atkinson, et al, 40 S. C. Reports 361, 18 S.E. 1021, appears to support the state's contention in that particular.

On the other hand, in Garcia v. State, 151 Texas Cr. R. 593, 210 S.W. 2d 574, we called attention to the fact that the constitutional guarantee of confrontation extends not only to the right to be confronted by the witnesses but to cross-examine the witnesses.

Here, there was much testimony introduced upon the vital question as to the sufficiency of the indictment under which the state tried appellant and secured this conviction.

We remain convinced that appellant was entitled to be present and to participate in the cross-examination of the witnesses touching their testimony as to the legality of the indictment. But we do not rest our determination of that question solely upon the doctrine of confrontation. It occurs to us that this question goes much further than that of confrontation, alone, and finds its roots deep in the guarantee of due process.

While no court has been able to give a full and complete definition of the term, "due process," as used in both our state and federal constitutions, yet we know that it includes and means that an accused shall, in a criminal case, be accorded that fundamental fairness necessary to the due administration of justice. Lisenba v. California, 314 U.S. 219, 42 S. Ct. 280, 86 L. Ed 166.

With that idea in view, we look to the facts, briefly:

Here, an ignorant and penniless Negro is being tried for his life for a murder he is alleged to have committed. He is represented not by counsel of his own choosing but by counsel appointed by the court. Shortly before the trial he was stricken with an attack of appendicitis and underwent surgery. When his case was called for trial he was confined in the hospital, physically unable to be in court. He was not absent from court by reason of any wilful or deliberate act on his part.

Appellant's counsel was required, over objection, to proceed with the hearing on motion to quash, without benefit of his (appellant's) presence or opportunity of consultation.

We are constrained to agree that under such circumstances due process of law required that the hearing of evidence upon the motion to quash the indictment not be conducted in the absence of the appellant.

We have reviewed the entire case and remain convinced that a correct conclusion was reached originally, not only in the particular here discussed but also as to the illegality of the indictment.

Accordingly, the state's motion for rehearing is overruled.