# PD-0881-15

No. _____

IN THE
COURT OF CRIMINAL APPEALS OF TEXAS
SITTING AT AUSTIN, TEXAS

_____

RICHARD SCOTT CRAWFORD, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

_____

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

_____

FROM THE SEVENTH COURT OF APPEALS, SITTING AT AMARILLO
HONORABLE BRIAN QUINN, CHIEF JUSTICE, PRESIDING
(UNPUBLISHED OPINION BY CHIEF JUSTICE QUINN)
(SEVENTH COURT OF APPEALS NO. 07-13-00108-CR)
(LUBBOCK COUNTY TRIAL COURT NO. 2004-407,817)

_____

**RODERIQUE S. HOBSON, JR.**
State Bar No. 09744900
816 Main Street
Lubbock, Texas 79410
Tel: 806/762-6030
Fax: 806/763-3220

Attorney for Appellant

July 15, 2015

RECEIVED IN
COURT OF CRIMINAL APPEALS

ORAL ARGUMENT REQUESTED

July 17, 2015

ABEL ACOSTA, CLERK

# TABLE OF CONTENTS

Table of Contents ...............................................................................................2

Index of Authorities............................................................................................3

Statement Regarding Oral Argument .................................................................4

Statement of the Case .........................................................................................4

Statement of Procedural History .......................................................................5

## Sole Question Presented for Review

Did the Court of Appeals err when it affirmed the trial court's arbitrary and capricious revocation of Appellant's probation where the State failed to prove any violations that occurred after the trial court previously exercised its discretion to allow Appellant to continue on probation? ...............................................................6

Reasons for Granting Review..............................................................................6

Argument and Authorities ..................................................................................8

Prayer for Relief ...............................................................................................15

Certificate of Service........................................................................................16

Certificate of Compliance.................................................................................16

Appendix A (Court of Appeals Slip Opinion)......................................................i

Appendix B (Appellant's Motion for Rehearing) ............................................. ii

# INDEX OF AUTHORITIES

**CASES**                                              **PAGE**

*Bigon v. State*, 252 S.W.3d 360 (Tex. Crim. App. 2008)..........................14

*Lisenba v. Calfiornia*, 314 U.S. 219, 62 S.Ct. 280, 86 L.Ed. 166 (1941) ...............12

*Montgomery v. State*, 810 S.W.2d 372 (Tex. Crim. App. 1990)............................14

*Rogers v. State*, 640 S.W.2d 248 (Tex. Crim. App. 1982) .....................................10

*Webb v. State*, 161 Tex. Crim. 442, 278 S.W.2d 158 (1955) ................................12

*Wester v. State*, 542 S.W.2d 403 (Tex. Crim. App. 1976) ................................11, 12

## CONSTITUTIONAL AMENDMENTS, STATUTES AND RULES

U.S. CONST. Amend. 5..................................................................................8, 14

U.S. CONST. Amend. 14................................................................................8, 14

Texas Penal Code §§ 22.02 ................................................................................4

Tex. R. App. P. 66.3 ..........................................................................................7

Tex. R. App. P. 68.2 ..........................................................................................6

## STATEMENT REGARDING ORAL ARGUMENT

Appellant requests oral argument because the issues presented herein can best be addressed in a question-and-answer format at oral argument. Appellant attempted to fully explain the main issue in this Petition while keeping it as brief as possible, but it could be further clarified during oral argument.

## STATEMENT OF THE CASE

On December 21, 2004, Appellant was charged via a two-count indictment with committing the second degree felony offense of aggravated assault on or about November 11, 2004, in violation of Texas Penal Code §§ 22.02(a) (1) and (2) (Vernon 2003) (CR 5). On March 17, 2005 the defendant pleaded guilty to the charge and was placed on deferred adjudication probation for a term of 10 years. (CR 18). In 2012 the State filed a motion to proceed with adjudication of guilt containing several allegations that were the subject of previous attempts to revoke Appellant's probation in a motion to proceed with adjudication of guilt that was dismissed in 2011. The trial court revoked Appellant's probation based upon the 2011 allegations and sentenced Appellant to eight years imprisonment.

Prior to the revocation hearing the Defense objected to the use of previously alleged-and-resolved violations of the Appellant's probation in the current hearing as a violation of Appellant's right to due process of law. This is because if no new

4

violations occurred (or were even alleged) after the 2011 motion to proceed was dismissed, then essentially the trial court reversed its own discretion to continue Appellant on probation in a completely arbitrary and capricious manner.

## STATEMENT OF PROCEDURAL HISTORY

On May 7, 2014, the Seventh Court of Appeals issued an unpublished per opinion and judgment affirming the Appellant's probation revocation in the trial court and overruling his sole appellate issue. (*See*, Appendix - Court of Appeals' slip opinion at 3).[1] On May 22, 2014, Appellant filed a Motion for Rehearing contesting the intermediate court's determination that the trial court did not abuse its discretion in revoking Appellant's probation. (*See*, Appendix – Motion for Rehearing). On May 30, 2014, the court denied Appellant's Motion for Rehearing without issuing a further opinion.

However, Appellant's counsel failed to timely inform Appellant of his right to seek discretionary review following the intermediate court's mandate. Appellant filed a Writ of Habeas Corpus claiming that counsel's failure to inform him of his right to seek review constituted ineffective assistance of counsel. On May 20, 2015, this Court issued an opinion granting Appellant's Writ of Habeas Corpus and

---

[1]*Crawford v. State*, No. 07-13-00108-CR, **2013 Tex. Ap. LEXIS 13146** (Tex. App. – Amarillo October 22, 2013) (*not designated for publication*).

5

issued a mandate on June 15, 2015.[2]

This Petition for Discretionary Review is timely filed since it is being filed within thirty days of the mandate granting Appellant's Writ of Habeas Corpus.[3]

## SOLE QUESTION PRESENTED FOR REVIEW

ISSUE ONE:     Did the Court of Appeals err when it affirmed the trial court's arbitrary and capricious revocation of Appellant's probation where the State failed to prove any violations that occurred after the trial court previously exercised its discretion to allow Appellant to continue on probation?

## REASONS FOR GRANTING REVIEW

The ruling by the Seventh Court of Appeals sanctioned an arbitrary and capricious decision by the trial court to revoke Appellant's probation where the trial court previously exercised its discretion not to revoke Appellant's probation when the same allegations were brought before it. In other words, the trial court reversed its own decision approximately eighteen months later based upon absolutely no evidence of additional violations of Appellant's probation. The intermediate court focused on the procedural circumstances surrounding the exercise of the trial court's discretion instead of the fact that once that discretion has been exercised, it is a denial of due process of law to suddenly reverse course

---

[2] *Ex parte Crawford*, No. WR-64,596-03 (Tex. Crim. App. June 15, 2015).
[3] *See* Tex. R. App. P. 68.2 (Vernon 2013).

without proof of any new violations. This creates the risk for absurd results and a lack of repose for any person who is allowed to continue on community supervision after a motion to revoke supervision is dismissed.

Thus, this is an important question of constitutional law that must be settled by this Court[4]. Furthermore, by allowing a trial court to reverse itself without the presentation of new evidence the Seventh Court of Appeals so far departed from accepted and well-settled tenets of fundamental fairness and due process as to call for an exercise of this Court's discretion.[5]

---

[4] *See*, Tex. R. App. P. 66.3(b).
[5] *See*, Tex. R. App. P. 66.3(f).

## ARGUMENT AND AUTHORITIES

Appellant's argument to the intermediate court was premised upon a denial of substantive due process of law in violation of the Fifth and Fourteenth Amendments to the United States Constitution. On October 12, 2012 the State of Texas filed a Motion to Proceed with Adjudication of Guilt alleging that Appellant violated his probation by committing the class B misdemeanor offense of harassment on or about September 9, 2012 in Haskell County, Texas. (CR 24). The Order for Capias to Issue that was signed by the trial court stated, "the Court further takes judicial knowledge of all documents, orders, the judgment and other matters in this above entitled and numbered cause, the same **having been heard and duly considered**, the Court is of the opinion that the facts and information set out in the said Motion to Proceed with Adjudication of Guilt are sufficient to establish probable cause for the issuance of said capias." (CR 25) (emphasis added in bold).

On October 31, 2012 the State filed its First Amended Motion to Proceed with Adjudication of Guilt in which it added several allegations of other violations of Appellant's probation. (CR 30-31). On November 19, 2012 the State filed its Second Amended Motion to Proceed with Adjudication of Guilt in which it alleged even more violations of Appellant's probation. (CR 35-36).

Several of the allegations in the first and second amended motions to proceed with adjudication of guilt were previously the subject of earlier attempts to revoke Appellant's probation. (RR vol. 4, p. 158). In fact, a February 3, 2011 Motion to Proceed with Adjudication of Guilt that was essentially incorporated by reference into the State's 2012 motions contained the only violations that the trial court found to be "true" and upon which it based its revocation decision. (RR vol. 4, pp. 158-159). However, the 2011 motion to proceed was dismissed by order of the trial court on July 21, 2011. (RR vol. 4, p. 142). The trial court's order stated:

> On this the 21st day of July, A.D. 2011, **came on to be heard the** Motion of the Assistant Criminal District Attorney of Lubbock County, Texas, to set aside the Motion to Proceed with Adjudication of Guilt heretofore filed in this cause, **and it being the opinion of the Court that there is sufficient grounds for setting same aside**; therefore, IT IS ORDERED, ADJUDGED AND DECREED that the Motion to Proceed with Adjudication of Guilt in this cause, heretofore filed, to-wit: on February 3, 2011, be and is hereby set aside and is held for naught. IT IS FURTHER ORDERED that the Defendant forthwith be discharged from custody hereunder. **The Probation is to remain in full force and effect**. (RR vol. 4, p. 142) (emphasis added in bold).

Prior to the November 20, 2012 probation revocation hearing, Appellant's counsel argued to the trial court that the allegations that were previously disposed of by the July 21, 2011 dismissal were not properly before the court. (RR vol. 2,

pp. 9-15). Appellant's counsel quoted this Court's language from *Rogers v. State*[6] that "It would be the epitome of arbitrariness for a Court to first conduct a hearing on the alleged violations and to exercise its discretion to return the probationer to probation, whether by a continuance of the hearing, or by a continuance of the probation, and then decide several months later to exercise its discretion in the opposite fashion by revoking the probation without a determination of a new violation." (RR vol. 2, p. 12).

The Seventh Court of Appeals ignored the fact that the trial court had exercised its discretion once before on these alleged violations and instead focused on the procedural aspects of whether a formal hearing took place.[7] The intermediate court also disregarded the plain language of the trial court's written proclamations contained within the Order for Capias to Issue that it took judicial notice of the entire file and "heard and duly considered" the facts and evidence set forth in the State's Motion to Proceed with Adjudication, and that on July 21, 2011the trial court "heard" the Motion to Dismiss with a footnote stating, "That verbiage appears to be boilerplate incorporated by the party who drafted and submitted the order to the trial court. Though it alludes to a prior hearing, the trial

---

[6] 640 S.W.2d 248, 252 (Tex. Crim. App. 1982)
[7] Op. at 2, "But outside the scope of that prohibition are situations wherein no plea was made to, hearing held on, or evidence received on the prior motion [to revoke probation]."

court iterated at the hearing on the 2012 motion that it 'did not have a hearing, the evidence regarding the allegations in the [2011] Motion to Proceed to Adjudicate."[8]

Even if the above-referenced orders signed by the trial court contain "boilerplate" language, the trial court would still have to make certain findings based upon some evidence in order to sign them. If what the intermediate court is saying is true, then the role of a trial court in issuing warrants and dismissing motions to revoke probation is nothing more than that of an inanimate rubber stamp *unless* there happens to be a formal hearing.[9]

This Court previously rejected this purely ministerial characterization in *Wester v. State*[10] in which the Court held that "when a revocation proceeding has been had and the defendant continued on probation in the discretion of the court (although there was an adequate basis for revocation demonstrated at the hearing), the continuation cannot subsequently be arbitrarily withdrawn at the whim of the trial court or upon mere fact of an arrest. To hold otherwise would violate due

---

[8] Op. at 3, n. 1.

[9] *See* Appellant's Motion for Rehearing for further examples of where the trial court actively participated in the decision to file each previous Motion to Proceed with Adjudication of Guilt and all of the evidence that the trial court heard and considered outside of a formal courtroom hearing.

[10] 542 S.W.2d 403 (Tex. Crim. App. 1976).

process, due course of law of the land and fundamental fairness."[11]

*Wester* is particularly compelling in the case before the Court since the initial hearing in that case merely consisted of the defendant entering a plea of "true" to one of the allegations in the motion to revoke probation.[12] Once Wester entered his plea the trial court merely followed the State's recommendation to allow him to continue on probation and no other evidence to support the violations was ever presented.[13] Thus, in the context of what is fundamentally fair for the purposes of substantive due process, the deciding factor should simply be whether the trial court previously exercised its discretion to continue, modify, or revoke probation, and not on the procedural aspects surrounding the exercise of the court's discretion.

The denial of due process is the result of the failure to observe the fundamental fairness that is essential to the very concept of justice.[14] While "due process" remains a malleable concept, it has always required that an accused in a criminal case be accorded the fundamental fairness necessary to the due administration of justice.[15]

---

[11] *Id*. at 406.
[12] *Id*. at 404.
[13] *Id*.
[14] *Lisenba v. California*, 314 U.S. 219, 236, 62 S.Ct. 280, 86 L.Ed. 166 (1941).
[15] *Webb v. State*, 161 Tex. Crim. 442, 278 S.W.2d 158, 160 (1955).

In this case, the State of Texas suspected that Appellant had committed the misdemeanor criminal offense of harassment and filed a motion to proceed with adjudication of guilt with the harassment claim as the lone alleged violation. (CR 24). At some point prior to the hearing on the State's motion, the State began to doubt its ability to prove that violation actually occurred, and then during the hearing the State abandoned it completely. (RR vol. 2, p. 165). As a result, the foundation of the entire proceeding vanished from underneath it and the State was left with claims that had already been presented to the trial court in a previous motion proceed and upon which the trial court had already exercised its discretion by allowing Appellant to continue on his probation when it signed and approved the July 21, 2011 Order to Dismiss Motion to Proceed with Adjudication of Guilt. (RR vol. 4, p. 142).

The inescapable fact is that *nothing* changed between the July 21, 2011 and February 27, 2013 when the trial court signed the judgment revoking Appellant's probation and sentenced him to serve time in the penitentiary. As such, if no new provable violation occurred then how can it possibly be fair for Appellant to have his probation revoked a year and a half later?

The ruling of the trial court and the subsequent affirmation by the intermediate court creates a situation where a probationer can be accused of

violating his probation during Year One of a ten-year probation. Then, if that motion to proceed with adjudication of guilt is subsequently dismissed and no other violations are even alleged to occur during the remainder of his probation, he can still be revoked and sentenced to the penitentiary on the last day of probationary term. That leads to an absurd result that violates all rational notions of fundamental fairness.

The bottom line is that on February 27, 2013 the trial court acted arbitrarily and capriciously by reversing its July 21, 2001 decision to continue Appellant on his probation without finding any credible evidence that any new violations had occurred.[16] Therefore, Appellant's right to substantive due process of law as guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution was violated and the trial court's order should be reversed by this Court.

---

[16] *See Montgomery v. State*, 810 S.W.2d 372, 380 (Tex. Crim. App. 1990) (holding that a trial court abuses its discretion when it acts without reference to any guiding rules and principles, or it acts in an arbitrary or capricious manner); *see also Bigon v. State*, 252 S.W.3d 360, 367 (Tex. Crim. App. 2008).

## PRAYER FOR RELIEF

For the reasons set out above, Appellant respectfully prays that this Honorable Court grant this Petition for Discretionary Review, and upon considering the merits of Appellant's claim reverse the order of the trial court and allow Appellant to complete his probation.

Respectfully submitted,

**RODERIQUE S. HOBSON, JR.**
816 Main Street
Lubbock, Texas 79410
Tel: 806/762-6030
Fax: 806/763-3220


BY: /s/ Roderique S. Hobson, Jr.
RODERIQUE S. HOBSON JR.
SBN 09744900
Attorney for Richard Scott Crawford

## CERTIFICATE OF SERVICE

Service of the foregoing Brief for Appellant was made on July 15, 2015 by sending a copy via electronic mail to Jeff Ford of the Lubbock Criminal District Attorney's Office at jford@lubbockcda.com.

/s/ Roderique S. Hobson, Jr.
RODERIQUE S. HOBSON, JR.
Attorney for Appellant

## CERTIFICATE OF COMPLIANCE

This is to certify that this document was prepared with Microsoft Word in 14 point font, and that, according to that program's word count function, this document contains 2,899 words (counting all parts of the document).

/s/ Roderique S. Hobson, Jr.
RODERIQUE S. HOBSON, JR.,
Attorney for Appellant

16

# Appendix 1



# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-13-00108-CR

---

RICHARD SCOTT CRAWFORD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

---

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2004-407,817, Honorable Jim Bob Darnell, Presiding

---

May 7, 2014

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Richard Scott Crawford appeals from an order adjudicating him guilty for aggravated assault. Via a single issue, he contends that the trial court erred by finding he violated his community supervision based on allegations made in prior motions to adjudicate guilt. That allegedly was impermissible and a violation of due process. We affirm.

Appellate review of an order revoking probation is confined to whether the trial court abused its discretion. *See Jackson v. State*, 645 S.W.2d 303, 305 (Tex. Crim.

App. 1983); *Caddell v. State*, 605 S.W.2d 275, 277 (Tex. Crim. App. 1980). We find no abuse here.

Appellant does not assert that the State failed to present sufficient evidence illustrating that he violated a condition of his probation. Again, he disputes the use of purported violations asserted in prior motions to adjudicate guilt as a basis to adjudicate guilt in a later motion.

Authority does indicate that the State cannot get two bites at the same apple when it comes to revoking probation or adjudicating guilt. The apple in question is the same incident or violation purporting to justify an adjudication of guilt. If previously alleged in a motion to revoke probation or adjudicate guilt that was heard by the trial court, then it may not be the basis of a subsequent motion to revoke. *See Rodgers v. State*, 640 S.W.2d 248, 250-51 (Tex. Crim. App. 1981) (stating that a "trial court having once exercised its authority and modified the conditions of probation, may not change that disposition at a subsequent hearing where no further violation was shown"). But outside the scope of that prohibition are situations wherein no plea was made to, hearing held on, or evidence received on the prior motion. *Bigham v. State*, 233 S.W.3d 118, 121 (Tex. App.—Texarkana 2007, no pet); *see also Fann v. State*, No. 09-11-00043-CR, 2011 WL 4056668, 2011 Tex. App. LEXIS 7455 (Tex. App.—Beaumont September 14, 2011, no pet.) (holding that absent a formal hearing, the State may re-file its motion to revoke and allege some or all of the violations it had previously alleged, with or without alleging a new violation); *Winkle v. State*, 718 S.W.2d 306, 307-08 (Tex. App.—Dallas 1986, no pet.) (wherein the appellant was not denied due process when the State refiled a motion to revoke probation since neither a plea was made, evidence heard, or a hearing held when the motion was previously filed).

2

Here, the record contains evidence of sequential motions to adjudicate appellant's guilt. The one filed in 2012 resulted in his adjudication of guilt and ultimate conviction, and it contained allegations averred in a previous motion filed in 2011. Yet, the latter was dismissed without prejudice after appellant and the State negotiated a plea bargain on a separate criminal matter. No formal hearing was held upon the motion; nor did appellant enter a plea to the allegations contained in it.[1] And, though some of the allegations also concerned incidents that occurred prior to the time the State and appellant successfully moved in 2007 to modify the terms of probation to include participation in SAFPF, those allegations were neither alleged in the motion to modify nor the subject of any formal hearing. *See Bigham v. State, supra* (wherein a separate motion to modify the terms of probation resulted in appellant being ordered to SAFPF and the State dismissed its pending motion to revoke). So, the trial court did not have before it a situation triggering the prohibition contemplated by *Rodgers*.

Given the status of the record before us, we overrule appellant's contention and conclude that the trial court did not abuse its discretion. The judgment convicting appellant is affirmed.

Brian Quinn
Chief Justice

Do not publish.

---

[1] The order dismissing, without prejudice, the 2011 motion to adjudicate guilt contained an opening sentence stating: "On the 21 day of July . . . 2011, came to be heard the Motion . . . to set aside the Motion to Proceed with Adjudication of Guilt . . . and it being the opinion of the Court that there is sufficient grounds for setting same aside . . . ." That verbiage appears to be boilerplate incorporated by the party who drafted and submitted the order to the trial court. Though it alludes to a prior hearing, the trial court iterated at the hearing on the 2012 motion that it "did not have a hearing and did not hear evidence regarding the allegations in the [2011] Motion to Proceed to Adjudicate . . . ." Moreover, boilerplate carries little weight when the record shows it to be inaccurate. *See Thomas v. State*, 408 S.W.3d 877, 886-87 (Tex. Crim. App. 2013) (wherein boilerplate regarding the appellant's waiving her right to appeal was negated by the actual circumstances of record).

3

# Appendix 2

## No. 07-13-00108-CR

| | |
|---|---|
| RICHARD SCOTT CRAWFORD | § IN THE COURT OF APPEALS |
| | § 7th COURT OF APPEALS |
| | § AMARILLO, TEXAS |
| VS. | § SEVENTH DISTRICT 5/23/2014 10:07:52 AM |
| | § 21227 |
| | § PEGGY CULP |
| STATE OF TEXAS | § OF TEXAS Clerk |

<u>APPELLANT'S MOTION FOR REHEARING</u>

TO THE HONORABLE JUSTICES OF SAID COURT:

### I.
### Procedural History

On May 7, 2014, this Court affirmed the Appellant's conviction and sentence in Cause No. 2004-407,817, from the 140th District Court of Lubbock County. In its unpublished memorandum opinion the Court overruled Appellant's sole point of error on appeal that the trial court was precluded from finding Appellant violated the terms and conditions of his community supervision based on allegations that were made in prior motions to adjudicate his guilt. In its opinion the Court stated:

> Here, the record contains evidence of sequential motions to adjudicate appellant's guilt. The one filed in 2012 resulted in his adjudication of guilt and ultimate conviction, and it contained allegations averred in a previous motion filed in 2011. Yet, the latter was dismissed without prejudice after appellant and the State negotiated a plea bargain on a separate criminal matter. No formal hearing was held upon the motion; nor did appellant enter a plea to the allegations contained in it.

(Op. at 3).

In a footnote, the Court further explained that:

> The order dismissing, without prejudice, the 2011 motion to adjudicate guilt contained an opening sentence stating: "On the 21st day of July . . . 2011, came to be heard the Motion . . . to set aside the Motion to Proceed with Adjudication of Guilt . . . and it being the opinion of the Court that there is sufficient grounds for setting same aside . . ." **That verbiage appears to be boilerplate incorporated by the party who drafted and submitted the order to the trial court.** Though it alludes to a prior hearing, the evidence regarding the allegations in the 2012 motion that it "did not have a hearing and did not hear evidence regarding the allegations in the [2011] Motion to Proceed to Adjudicate . . ." Moreover, **boilerplate carries little weight when the record shows it to be inaccurate.** *See Thomas v. State*, 408 S.W.3d 877, 886-87 (Tex. Crim. App. 2013) (wherein boilerplate regarding the appellant's waiving her right to appeal was negated by the actual circumstances of the record).

(Op. at 3 n. 1) (emphasis added in bold).

## II.
## Sole Ground for Rehearing

The sole ground for rehearing is that the Court erred in disregarding the plain language of the order dismissing the 2011 Motion to Adjudicate as meaning something other than what it said based on the notion that it was merely boilerplate language unsupported by the record. The record clearly established that the trial court did in fact hear evidence on these allegations prior to signing the order of dismissal. Therefore, the so-called "boilerplate" language of the above-mentioned orders should not have been so casually disregarded by the Court since that language was supported by the record and established an exercise of discretion by the trial court upon which this case should have been decided.

## III.
## Discussion of Sole Ground for Rehearing

At the hearing on the State's 2012 Motion to Proceed with Adjudication of Guilt, the State called the director of the Lubbock and Crosby County Community Supervision and Corrections Department, Steven Henderson, to testify. (RR vol. 2, p. 266). On cross-examination, Henderson provided the trial court – and the record – with a portrait of the machinations that take place behind-the-scenes when the State seeks to revoke an individual's probation. Henderson testified that the trial court first becomes involved in the revocation process at the outset when the State provides it with a Request for Capias to Issue in conjunction with the Motion to Proceed with Adjudication of Guilt. (RR vol. 2, p. 280). Henderson then explained how a recommendation as to what should be done with any particular defendant reaches the trial court's desk very early on in the process during the following colloquy withe defense counsel:

Q: Okay. When Application to Revoke Probation or a Motion to Modify is filed, are you familiar with the term "staffed"?

A: In what context?

Q: Oh, in the context of probation and the DA meeting to determine what should happen to the particular probation officer?

A: We do have –

Q: To the particular probationer.

3

A: We do have a review committee with the DA's Office, yes. If that's what you're referring to.

Q: Have you known other people to refer to that as staffing? Well, let me do it this way. What do you refer to it as?

A: Probation Review Committee.

Q: And who is on that committee?

A: Three representatives from the probation office, and three representatives from the DA's Office.

**Q: And are those recommendations then forwarded on to the Judge?**

**A: Correct.**

Q: And is the purpose of the review committee to discuss, among other things, to discuss how the probation office – how the probationer has violated the terms of his probation?

A: That, or if they're eligible for early release.

Q: Okay. Let's focus just on the violation part.

A: Okay.

Q: Does the committee sometimes make a recommendation?

A: Yes.

Q: Continue on probation, send to treatment, send to a correction's center, send to SAFPF, revoke?

A: Correct.

**Q: And that information from the three DAs, and from the three probation officers is then forwarded to the Court?**

**A: Correct.**

4

**Q:** **Who either accepts that recommendation, modifies, sends off to prison, or correction's center, SAFPF, whatever?**

**A:** **Correct.**

**Q:** **Or schedules the thing for a hearing?**

**A:** **Correct.**

Q: But certainly the DAs and the probation officers and the Judge are aware of any alleged violations by the probationer?

A: Alleged violations, yes.

(RR vol. 2, pp. 281-83) (emphasis added in bold).

On redirect, Henderson clarified that the trial court does not receive the committee's recommendation as to what should happen to a probationer unless a Motion to Revoke Probation or a Motion to Adjudicate Guilt is actually presented by the District Attorney's Office. (RR vol. 2, p. 284).

However, Henderson went on to testify that in Appellant's case the trial court absolutely was made aware of the allegations contained in the 2011 Motion to Proceed with Adjudication of Guilt. (RR vol. 2, p. 294). Henderson continued by stating that all of those allegations would have been sent from the review committee and presented to the trial court prior to the signing of the capias. (RR vol. 2, pp. 294-95).

The trial court's October 19, 2012, Order for Capias to Issue that stated:

5

On this date came to be heard the Motion to Proceed with Adjudication of Guilt, filed herein, asking the Court to issue capias for the arrest of the Defendant, Richard S. Crawford, for the reasons set out in said Motion to Proceed with Adjudication of Guilt, and the Court further takes judicial knowledge of all documents, orders, the judgment and other matters in this the above entitled and numbered cause, **the same having been heard and duly considered**, the Court is of the opinion that the facts and information set out in said Motion to Proceed with Adjudication of Guilt are sufficient to establish **probable cause for the issuance of said capias**.

(CR 25) (emphasis added in bold).

Based upon the Henderson's testimony set forth above it is evident that the trial court issued that order after being privy to the findings of the probation review committee. Henderson's testimony also established that the trial court's statement that it heard and considered the evidence and found probable cause to issue the capias *meant precisely what it purported to mean*. This case is seemingly unique in how strenuously the Lubbock County District Attorney's Office has argued that the trial court is nothing but a blind marionette whose only function is to rubber stamp whatever documents are placed in front of it. Perhaps the reason for the State's insistence on the trial court's impotence is that *if* a judge *was* in fact capable of exercising its own judgment then the notion that the so-called boilerplate language in the July 21, 2011 dismissal was false loses all validity. (Def. Ex. 32; RR vol. 4, p. 142). If the State is correct and the trial court really did blindly and ignorantly issue an order to arrest a citizen of this state without having considered a shred of evidence, then not only would doing so be an abuse of discretion but the statements

6

of fact contained in the Order for Capias to Issue could arguably constitute felonious conduct.[1] It further stands to reason that if the trial court would (and should) give due consideration to the evidence presented to it by the probation review committee before it issued a capias for a man's arrest then the court undoubtedly gave the same consideration prior to exercising its discretion to continue him on probation.

The Court also referenced *Bigham v. State*, in its opinion as an example of a case where allegations of violations of a defendant's probation were dismissed pursuant to an agreement by the State and the Defense but were then re-alleged in a subsequent motion to revoke probation. Op. at 3; *Bigham v. State*, 233 S.W.3d 118, 120-21 (Tex. App. – Texarkana 2007, no pet.). However, in *Bigham*, the appellant did not make a due process objection to the use of past probation violations until after the trial court revoked his probation. *Id.* at 120. In addition to his lack of an objection, the subsequent motion to revoke probation contained new allegations that were not part of the previous agreement between the State and Defense. *Id.* at 121 (*stating*, "Additionally, however, when the trial court conducted that September 5 hearing, the State had amended its motion to revoke Bigham's community supervision; this amended motion included several new allegations which had *not* been presented in the State's earlier, November 10 motion.").

---

[1] A person commits an offense if he knowingly makes a false entry in, or false alteration of, a governmental record. Tex. Pen. Code § 37.10(a)(1) (Vernon 2011).

In the cause before the Court, the State's October 19, 2012, Motion to Proceed with Adjudication of Guilt contained only one alleged violation of Appellant's community supervision: that on September 9, 2012, he committed the Class B misdemeanor offense of harassment. (CR 24). The motion was then twice amended to include allegations that appeared in previous motions to adjudicate. (CR 31-31; 35-36). The trial court found that the State failed to prove any allegations that were not previously alleged in prior motions to adjudicate. (RR vol. 2, pp. 299-300). The harassment allegation that started the entire revocation process was abandoned by the State midway through the revocation hearing. (RR vol. 2, pp. 164-65). Therefore, unlike in *Bigham*, the State failed to prove up any violations from prior motions to adjudicate for which the trial court had not previously exercised its discretion to continue Appellant on probation.

Perhaps the most interesting exchange from the hearing occurred shortly after the State moved to abandon the allegation that Appellant committed the offense of harassment. (RR vol. 2, p. 164). Counsel for Appellant informed the trial court he opposed the State's abandonment of that allegation since the State obviously reserved the right to come back at a later date and re-allege it at its own exclusive discretion. (RR vol. 2, pp. 165-166). Counsel argued, "basically we're in a situation we believe today to prove even by a preponderance that that harassment never happened. And, you know, at this point in time if they – if you allow them to

8

abandon it without making some sort of finding, then that – there's nothing to keep them from re-filing the exact same thing on him[.]" (RR vol. 2, p. 166).

The trial court responded, **"The Court has not heard any evidence regarding that allegation**, other than offense reports that were introduced. The Court will find that the State has abandoned the count, and the Court in the future would order that that count be waived if presented to the Court at any point in time in the future." (RR vol. 2, p. 166) (emphasis added in bold). In other words, the trial court stated on the record that despite the fact he had not considered any evidence on an allegation contained in a motion to adjudicate he would bar the State from re-alleging it in any future motion to adjudicate.

That trial court's exercise of discretion in that instance is particularly baffling in light of its ruling earlier in the hearing when defense counsel first objected to the State receiving two bites at the same apple. Prior to the revocation hearing when Appellant objected to the State proceeding on previously decided allegations of violations the trial court stated, "The Court has always taken the position that if the Court had previously heard evidence regarding the case concerning the allegations, and the Court found that the evidence was insufficient the Court would agree with you. But since the Court did not have a hearing and did not hear evidence regarding the allegations in the Motion to Proceed to Adjudicate, the Court denies your motion." (RR vol. 2, p. 14).

In the space of a single hearing covering 152 pages of testimony the trial court managed to completely contradict itself on the exact same issue. If the wind is blowing one way the trial court does not require evidence to bar the presentation of a previous allegation. If the wind is blowing the other way then the opposite is true. A trial court abuses its discretion if its ruling is outside of the "zone of reasonable disagreement." *Casey v. State*, 215 S.W.3d 870, 879 (Tex. Crim. App. 2007). This Court stated in its opinion that "We find no abuse here[,]" (Op. at 2) and yet odds are this Court may never encounter a more concrete example of such an abuse.

## IV.
## Conclusion

This Court affirmed the trial court's denial of Appellant's due process of law in reliance on the notion that words found within a written order of the court had some meaning other than what they clearly stated. This was based on the assumption that their "boilerplate" quality robbed them of their plain meaning. This Court further claimed that the trial court's assertion that it came to hear and consider evidence prior to making a ruling was unsupported by the record. However, as explained above, the record amply supported what the trial court claimed to do in the July 21, 2011, Order granting the State's Motion to Dismiss Motion to Proceed with Adjudication of Guilt. (*See*, Def. Ex. 32; RR vol. 4, p. 142).

10

As a result, this Court allowed the Lubbock County District Attorney's Office and the trial court to revoke Appellant's probation on the basis of allegations that were previously heard and considered and for which the trial court exercised its discretion to allow Appellant to remain on probation. In the interim between the trial court's exercise of its discretion in July 2011 and the revocation hearing in November 2013 *no other violations were proven to have occurred*. This is a result that is equal parts illogical and unjust and this Court must rectify it.

Respectfully submitted,

**RODERIQUE S. HOBSON, JR.**
816 Main Street
Lubbock, Texas 79401
Tel: 806/762-6030
Fax: 806/763-3220
Email: rhobsonlaw@aol.com

By: /s/ Roderique S. Hobson, Jr.
RODERIQUE S. HOBSON, JR.
SBN 09744900
Attorney for Richard S. Crawford

11

## CERTIFICATE OF SERVICE

Service of the foregoing Appellant's Motion for Rehearing was made by sending a copy to the Lubbock County Criminal District Attorney's Office, Lubbock County Courthouse, Lubbock, Texas 79501, on May 22, 2014, via electronic email: jford@lubbockcda.com.

/s/ Roderique S. Hobson, Jr.
RODERIQUE S. HOBSON, JR.
Attorney for Appellant

## CERTIFICATE OF COMPLIANCE

This is to certify that this document was prepared with Microsoft Word for Mac 2011 in 14 point font, and that, according to that program's word count function, this document contains 2,666 words (counting all parts of the document).

/s/ Roderique S. Hobson, Jr.
RODERIQUE S. HOBSON, JR.
Attorney for Appellant

Print this page

# Envelope 6077866

## Case Information

| | |
|---|---|
| Location | Court Of Criminal Appeals |
| Date Filed | 07/15/2015 02:00:27 PM |
| Case Number | |
| Case Description | |
| Assigned to Judge | |
| Attorney | Roderique HobsonJr |
| Firm Name | Law Office of Rod Robson |
| Filed By | Cindy Tapia |
| Filer Type | Not Applicable |

## Fees

| | |
|---|---|
| Convenience Fee | $0.00 |
| Total Court Case Fees | $0.00 |
| Total Court Filing Fees | $0.00 |
| Total Court Service Fees | $0.00 |
| Total Filing & Service Fees | $0.00 |
| Total Service Tax Fees | $0.00 |
| Total Provider Service Fees | $0.00 |
| Total Provider Tax Fees | $0.00 |
| Grand Total | $0.00 |

## Payment

| | |
|---|---|
| Account Name | Rod's New Card |
| Transaction Amount | $0.00 |
| Transaction Response | |
| Transaction ID | 9970868 |
| Order # | 006077866-1 |

## Petition for Discretionary Review

| | |
|---|---|
| Filing Type | EFile |
| Filing Code | Petition for Discretionary Review |
| Filing Description | Appellant's Petition for Discretionary Review |
| Reference Number | |
| Comments | |
| Courtesy Copies | jford@lubbockcda.com, rho9948907@aol.com, kres31@yahoo.com |
| Status | Rejected |

## Fees

| | |
|---|---|
| Court Fee | $0.00 |
| Service Fee | $0.00 |

## Rejection Information

| Rejection Reason | Time | Rejection Comment |
|---|---|---|

| Other | 07/17/2015 01:33:47 PM | The petition for discretionary review does not contain the identity of Judge, Parties and Counsel [Rule 68.4(a)]. You have ten days to tender a corrected petition for discretionary review. |

## Documents

| | | |
|---|---|---|
| *Lead Document* | (Crawford, Scott) PDR .pdf | [Original] |
| *Attachments* | appendix 1059309.pdf | [Original] |
| *Attachments* | appendix2.pdf | [Original] |